**N. Berteel WARD, Appellant,**

v.

**R. P. WARD et al., Appellees.**

**No. 15617.**

Court of Civil Appeals of Texas.

Fort Worth.

April 29, 1955.

H. M. McPherson, Cleburne, for appellant.

Marshall, King & Jennings, and Frank Jennings, Jr., Graham, for appellees.

RENFRO, Justice.

Appellant N. Berteel Ward brought suit in the District Court of Young County on March 9, 1954, against R. P. Ward, individually and as trustee and guardian for David Carl Ward, a minor, and Clarence Daniels, individually and as executor of the will of Birdie Ward, deceased.

Appellant's petition alleged that a will dated May 23, 1925, and executed by D. C. Ward and Birdie Ward was a joint and mutual will and contractual, by the terms of which, after the decease of the said D. C. and Birdie Ward, Belle Ward would receive one-half of the personal property belonging to the two estates; that Belle Ward was deceased and appellant was her devisee; prayed that a second will of Birdie Ward be declared null and void in so far as it attempted to leave the personal property to David Carl Ward; and prayed that the appellant be adjudged as owner and entitled to possession of one-half of the personal property owned by Birdie Ward and D. C. Ward at the time of their deaths, and that Daniels as executor and/or R. P. Ward as guardian or trustee of the estate of David Carl Ward be ordered to give an accounting of said property and turn over to appellant one-half of said personal property.

The appellees filed a general denial.

Appellant then filed a motion for summary judgment, claiming all of the personal property in the appellees' possession belonging to the Birdie Ward estate. In support of the motion was an affidavit by appellant referring to and citing from the wills previously mentioned; copy of the will of D. C. and Birdie Ward and probate proceedings thereof; will of Belle Ward; and the 1944 will of Birdie Ward.

Both appellees filed lengthy motions for summary judgment, supported by their respective affidavits, setting out in detail their actions in regard to the trust imposed on them by virtue of their duties as executor and trustee respectively.

The trial court overruled appellant's motion for summary judgment and granted the motions of appellees.

Appellant has briefed two points of error, namely, (1) the court erred in overruling his motion for summary judgment since the will of D. C. and Birdie Ward left the survivor only a life estate, with remainder to Belle Ward, and the life estate cannot be devised by a will; and (2) that the will of D. C. and Birdie was a joint and mutual will and contractual in nature and could not be changed by the survivor; hence, the court erred in overruling his motion.

D. C. Ward and Birdie Ward, husband and wife, executed a joint will on May 23, 1925. The will begins, "That we, D. C. Ward and Birdie Ward, wife of said D. C. Ward, being of sound, disposing mind and memory, and desirous of disposing of our *wordly* estate after our deaths, respectfully do make, publish, and declare this and none other to be our and each of our last will and testament, hereby revoking all and *sigular* any other will or wills by us or either of us

at any time made." The provisions of the will then give to the survivor all property "which we own" during his or her natural life. Subject to the life estate in the survivor, certain collateral relatives are named as devisees of the real estate; and Belle Ward and Birdie Foreman are bequeathed the personal property.

D. C. Ward died in 1933 and the above will was duly probated by Birdie Ward.

Belle Ward died in 1940, leaving a will in favor of appellant herein.

On September 2, 1944, Birdie Ward, surviving wife of D. C. Ward, executed a new will, in which she left half of all her personal property to David Carl Ward, omitting Belle Ward therefrom, and naming R. P. Ward as trustee to act for David Carl. Birdie Ward died in 1951 and the 1944 will was duly probated.

In Murphy v. Slaton, Tex., 273 S.W.2d 588, the Supreme Court had for consideration a will similar in many respects to the will in the instant suit. After determining that the joint will was contractual, the next question posed was: "Did the will attach to all property acquired by Annie E. Murphy between the death of her husband in 1928 and her death in 1951; or did it attach only to all property owned by B. H. Murphy and Annie E. Murphy, whether owned as community or separate property by either or both at the time B. H. Murphy died in 1928?" Said the Court: "We have concluded that the 1928 will attached only to that property owned by B. H. Murphy and Annie E. Murphy, either or both, by whatever right or title it was owned at the time of B. H. Murphy's death." After reciting provisions of the above will, similar to some of the provisions of the will in the instant case, the Supreme Court continued: "To construe the estate disposed of by the will to be all the property owned by the survivor at his or her death would be to make an impossible and intolerable situation. * * * The only possible estate 'of ours' that can or could be enjoyed by 'our survivor' must of necessity be that in existence at the time of the death of B. H. Murphy, who died first."

The Court further held that in the absence of a clearly expressed intention in a joint and mutual will to the contrary, after-acquired property owned by the survivor in his or her own individual right does not pass under such mutual will.

The will in the instant suit in no manner shows an intention on the part of D. C. and Birdie Ward to include property which might be acquired by the survivor subsequent to the death of the other. If appellant is entitled to anything under the 1925 will, as we construe the will, and the holding in the Murphy case, it would be only a half interest in such personal property as was owned by D. C. and Birdie Ward at the time of the death of D. C. Ward. Neither appellant's pleadings nor motion for summary judgment contends that any property on hand when D. C. Ward died in 1933 was still on hand when Birdie Ward died in 1951. Nor were there any pleadings or showing made that Birdie Ward was imprudent in handling such personal property, if any there was, or that she commingled it with income, profits, rents, revenue and benefits received by her during her lifetime to such an extent that it could not be traced.

Appellees, in support of their motions for summary judgment, offered affidavits, uncontradicted by appellant, showing that none of the personal property on hand when D. C. Ward died in 1933 was still on hand when Birdie Ward died in 1951, except a few minor articles of little or no value.

Appellant's position in his motion for summary judgment in the trial court, and in his brief in this court, is that he is entitled, under the provisions of the 1925 will, to one-half of the personal property on hand when Birdie Ward died.

Assuming the 1925 will was mutual and contractual, it does not by its terms cover Birdie Ward's after-acquired property, that is, property acquired by her after the death of her husband.

Under the record, we think the trial court did not err in overruling appellant's motion for summary judgment.

The appellant's points of error are overruled.

The judgment of the court recites that the court proceeded to consider the motion for summary judgment, the pleadings and affidavits in support thereof, "and all evidence." The case is before us without a statement of facts. In the absence of a statement of facts, we must presume that if in fact evidence was introduced, other than the filed instruments in the transcript, such evidence failed to establish any genuine issue regarding a material fact.

We find no reversible error in the record. The judgment of the trial court is affirmed.