**Joe Lee THRASH, Appellant,**

v.

**Oneita BOGGS, Individually and as Administratrix, et al., Appellees.**

No. 16235.

Court of Civil Appeals of Texas.

Fort Worth.

May 5, 1961.

Rehearing Denied June 2, 1961.

Frank R. Graves, Fort Worth, for appellant.

Fay W. Prescott, Fort Worth, for appellees.

RENFRO, Justice

Suit was brought by Oneita Boggs, individually and as administratrix with will annexed of the estate of Bernice Thrash Maben, deceased, and others for a declaratory judgment to construe the joint and mu-

tual will of J. H. and Bernice Thrash, and to fix the rights of the parties pertaining to the estate of Bernice Thrash Maben. One of the plaintiffs was a sister of the deceased Bernice Thrash Maben and the other plaintiffs were nieces and nephews of Bernice Thrash Maben. Plaintiffs were the only heirs at law of Bernice Thrash Maben. Defendant Joe Lee Thrash was the son of J. H. Thrash and a stepson of Bernice Thrash Maben.

On the 31st day of October, 1927, J. H. and Bernice Thrash executed a joint and mutual will. After expressing a desire "to arrange our business affairs so that our respective estates, either separate or community, shall enure to those to whom the same are hereinafter respectively devised and bequeathed", the parties provided:

"–2–

"I, J. H. Thrash, give, devise, will and bequeath to my wife, Bernice Thrash, during her life time, all of my property, real, personal and mixed, of which I may die seized or possessed with remainder to our son, Joe Lee Thrash.

"–3–

"I, Bernice Thrash, give, devise, will and bequeath to my husband, J. H. Thrash, during his life time all of my property, real, personal or mixed of which I may die seized or possessed, with remainder to our son, Joe Lee Thrash."

In paragraph 4 the parties provided that the survivor would be appointed independent executor or executrix, with full power and authority to sell and dispose of any and all property.

Thrash died on May 17, 1928, and the above mentioned will was admitted to probate on July 12, 1928.

Bernice Thrash later married a man named Maben, who predeceased her. The Mabens had no children. Maben left no property.

Bernice Thrash Maben died June 11, 1960. On June 27, 1960, the joint and mutual will of 1927 was admitted to probate and Oneita Boggs, one of the nieces, was appointed administratrix with will annexed of the estate of Bernice Thrash Maben. Bernice Thrash Maben never had any children.

At the time of the death of Thrash the only property owned by J. H. and Bernice Thrash was a lot, with improvements, located at 719 Conner Avenue in Fort Worth, valued at $6,250, and household furniture valued at $1,500. Neither party owned any separate property. The household furniture was no longer in existence at the time of the death of Bernice Thrash Maben.

At the death of Bernice Thrash Maben, her estate was valued in excess of $50,000.

The trial court held that defendant as remainder beneficiary in the 1927 will was entitled to take the lot at 719 Conner Avenue; that all other property owned by Bernice Thrash Maben at her death was acquired after the death of Thrash, that she died intestate as to all property and estate earned subsequent to the death of Thrash, and that such after-acquired property passed and vested at her death in the plaintiffs as her heirs at law.

The appellant (Joe Lee Thrash) contends the court erred in holding that Bernice Thrash Maben died intestate as to all property acquired by her after the death of J. H. Thrash, and that said property passed to her heirs at law.

Appellees contend the judgment of the trial court is correct and is controlled by Murphy v. Slaton, 154 Tex. 35, 273 S.W.2d 588, 595, wherein it was said: "While the question is not free from difficulty, and we recognize that the makers of a joint and mutual will, or of mutual wills, have the right and power to provide that all of the property owned by the survivor at his death shall pass under and be bound by the terms of their will, we do not believe such effect should be given to mutual wills unless the intention to do so is set forth in the will by very plain, specific and unambiguous language. In the absence of such clearly expressed intention we feel that the better reasoning supports the rule that after-acquired property owned by the survivor in his or her individual right does not pass. We find no language in the 1928 will evidencing an intention to dispose of the estate owned by the survivor at death, and we therefore hold that only the property owned by B. H. Murphy and Annie E. Murphy—either or both, at the time of the death of B. H. Murphy—was within the terms of the 1928 will. As to all property acquired by Annie E. Murphy in her individual right after B. H. Murphy's death, she had the full right of ownership and power to dispose of the same by will or otherwise as she saw fit."

In the Murphy case, codicils were executed by the survivor disposing of after-acquired property.

In Ward v. Ward, Tex.Civ.App., 278 S.W.2d 886, and Odell v. Odell, Tex.Civ.App., 306 S.W.2d 914, cited by appellees, subsequent wills were executed by the survivor.

In each of the above cases the effect of the mutual will was determined, of course, from a construction of the will as a whole and the intent of the maker as gathered from the particular words used therein.

Section 63, Probate Code, V.A.T.S., provides: "No will in writing, and no clause thereof or devise therein, shall be revoked, except by a subsequent will, codicil, or declaration in writing, executed with like formalities, or by the testator destroying or canceling the same, or causing it to be done in his presence." Bernice Thrash Maben did not revoke by will, codicil or declaration in writing, or by destroying or having destroyed or canceled the will of 1927. To the contrary, after its execution she did nothing to indicate it was anything other than her last will and testament.

The rule obtains in this state that where a person makes a will the general presumption prevails that the testator intended to dispose of all his property, and there is no presumption that the testator intended to die intestate as to any part of his estate if the words used in the will may carry the whole of his property. Briggs v. Peebles, 144 Tex. 47, 188 S.W.2d 147; however, as held in Brooking v. McCutchen, Tex.Civ.App., 135 S.W.2d 197, 199, "Ordinarily, a strong presumption exists that the testator did not intend to die intestate as to any part of his estate, by the execution of the instrument, but such presumption must necessarily yield to the otherwise clear language of his will."

In our opinion the will of Bernice Thrash wherein she said, "I, Bernice Thrash, give devise, will and bequeath to my husband, J. H. Thrash, during his life time all of my property, real, personal or mixed of which I may die seized or possessed, with remainder to our son, Joe Lee Thrash," was a clear, definite, unambiguous bequest of a life estate to Thrash, with remainder in Joe Lee Thrash, of all property which she might possess at her death. We find nothing in the will to rebut the presumption that she intended to dispose of all her estate by the 1927 will. We find no words in the will which could overcome that presumption.

In our opinion the words used by Bernice Thrash showed in "plain, specific and unambiguous language" her intent to leave all property possessed by her at death to J. H. Thrash for life with remainder in Joe Lee Thrash. Weidner v. Crowther, 157 Tex. 240, 301 S.W.2d 621.

Appellant contends the court erred in adjudging the costs against the estate of Bernice Thrash Maben, and insists the costs should have been adjudged against the plaintiffs as individuals. In a declaratory judgment proceeding, the court may make such award of costs as may seem equitable and just. Art. 2524–1, Sec. 10, Vernon's Ann.Texas St.

That part of the judgment of the trial court which declared Bernice Thrash Maben died intestate as to all property, except the property at 719 Conner Avenue in Fort Worth, and that all property except said lot passed to the heirs at law of Bernice Thrash Maben, is reversed and we hold that all property belonging to Bernice Thrash Maben passed, at her death, under the terms of the will, to Joe Lee Thrash.

Affirmed in part and in part reversed and rendered.