Alonzo J. Prey, J.
This is a proceeding for a determination as to the validity, construction, or effect of the disposition of property contained in article VI of the will of said decedent.
James H. Brahaney, a bachelor, died a resident of the County of Cattaraugus on the 7th day of March, 1941. He died testate, and his last will and testament was duly admitted to probate in the Surrogate’s Court in the County of Cattaraugus on the 9th day of July, 1941. The decedent, in the first paragraphs of his will provided for the payments of his debts, for his cremation, and he left a number of small bequests, and the residue of his estate he gave to his trustees, who all survive, and he created in the hands of said trustees five separate and distinct trusts. A one-fifth share he directed to be held by the trustees, the income of which he directed to be paid to his nephew, George Brahaney, during the term of his natural life. And he further provided in article VI (par. [a], subd. 1) as follows: “Upon the death of my nephew, George Brahaney, thereafter to hold said equal share, or portion, during the lifetime of his youngest *902 child living at the time of my death, and thereafter to pay the net annual income thereof, in quarterly instalments to the male children of my nephew, geobge bbahaney, then living, and the issue of any deceased male children of the said George Brahaney, who may have theretofore died leaving issue him surviving in equal shares, per stirpes and not per capita; and, upon the death of both my nephew, George Brahaney, and his youngest child living at the time of my death, to pay over and deliver the principal of said trust together with any interest, or income, then in the hands of the trustees, to the children of my nephew, George Brahaney, then living, and the issue of any deceased child of the said George Brahaney, who may have theretofore died leaving issue him or her surviving, in equal shares, per stirpes and not per capita. ’ ’
He also created four other trusts of a similar nature for his nephew, Francis T. Brahaney, Raymond R. Brahaney and Olive Brahaney.
George Brahaney, the income beneficiary of a one-fifth share of the estate of said decedent died on May 28,1951. Thereafter, the income from said one-fifth share of the decedent’s estate was paid to the male children of George Brahaney; namely, James V. Brahaney, Justin J. Brahaney, and Francis Leo Brahaney. His daughters, Celeste Brahaney Gleason and Rita Brahaney Kwiecien, by the language of said subdivision 1, received no part of the income of said trust, although all five were alive and in being on September 2,1937 when the decedent executed his last will and testament. The trust was to continue during the lifetime of the youngest child, Francis Leo Brahaney, who is still living. His son James V. Brahaney died on May 25, 1964, leaving birri surviving five children, the respondents, Mary Ellen Eshelman, Lawrence G. Brahaney, Ann Marie Fox, Carol E. Duffy and James K. Brahaney.
The foregoing facts were all contained in a stipulation entered into between counsel dated the 14th day of June, 1965, which stipulation is a part of the record in this case.
The trustees are unable to determine from the language in subdivision 1 of paragraph (a) of article VI of the will how to dispose or distribute the share of the income which James V. Brahaney was receiving in his lifetime, because the language of the will is, and the trustees were directed thereby, to pay the income to the issue of any deceased male children of George Brahaney who may have theretofore died leaving issue him surviving in equal shares per stirpes and not per capita. One ' of said male children is now deceased, and he died before the trust terminated. The petitioners say, quoting Scott, Trusts *903 (Vol. II, pp. 1006-1007), that there are four possible dispositions which might be made of that share of the income of the deceased beneficiary, J ames V. Brahaney. They say: (1) It might be paid to the living life beneficiaries; that is, the surviving male children of George Brahaney, namely, Justin H. Brahaney and Francis Leo Brahaney. (2) It might be paid to the estate of the deceased beneficiary; that is, the estate of James Y. Brahaney. (3) it might be paid to the estate of the testator as property undisposed of by the will. (4) It might be accumulated, and upon the termination of the trust paid to the persons entitled to the principal of the trust estate. The fourth possibility would be impossible performance under the laws of the State of New York.
The respondent, Justin J. Brahaney, takes the position that the language of the will is such that the doctrine of cross remainders by implication should apply; i.e., the share that James Y. Brahaney received during his lifetime should now be paid to the remaining two life beneficiaries, namely, Justin J. Brahaney and Francis Leo Brahaney.
The respondents, issue of the decedent, James Y. Brahaney, take a contrary position, saying that the language of the will is clear, and that it does show a manifest intention on the part of the testator that the trustees should pay the income which their father, James Y. Brahaney, received during his lifetime to them as his lawful issue.
The trustees themselves take no position, but what they seek is a direction of the court, which will guide them in disposing of income and administering the trust set up by this portion of the will to its termination. Counsel for the respondents, issue of the beneficiary, James Y. Brahaney, takes the position that the circumstances in this case do not require the application of section 63 of the Beal Property Law; that said section controls in situations where it is impossible to discern how the creator of the trusts intended to dispose of its income, and it being a legislative substitute for intention, it is not applicable, where a lawful testamentary plan embracing the intention of the testator is apparent.
All authorities agree, and it is common dictum that the intent of the testator be determined from the language in the will as a whole, and if a reading of the entire testamentary document reveals a dominating purpose, or plan of disposition, the individual parts thereof must be interpreted in the light of the dominate purpose and given effect accordingly.
It is apparent that it was not the intent of the testator to select only the male issue of his nephew, George Brahaney, as *904 the ultimate and final recipients of his gift, because after directing that the male children of his nephew, George, receive the income of the trust during their lives, he clearly indicated that he wanted to remember all of the issue of any deceased child of his nephew, George, when he directed that the net annual income of any male child of his nephew, George, should be paid to the issue (male or female), who may have died theretofore leaving issue him surviving, in equal shares, and not per capita, and that was the language which he used.
The use of the word “ theretofore ” by the decedent in a literal interpretation of its meaning would indicate that he meant any male child of George, who died before George passed away and before the termination of the trust, and that then any issue of such male would benefit. This language indicates that the decedent, at the time he executed his will, was thinking of the issue of any male child who might die sometime in the future, whether they were male, or female, because he did not limit in such a situation the beneficiaries to a specific sex, but gave to them per stirpes, and not per capita, which indicates an intention that such issue would take whether they were male, or female, issue of such a deceased beneficiary.
If he had intended that the income of the trust should go to the male children of George, or the survivors prior to the termination of the trust at the death of Francis Leo Brahaney, it would have been possible by a simple direction to so provide. This he did not do.
The testator obviously intended, for the language in article VI (par. [a], subd. 1) is clear, for all of the income of a one-fifth of his estate to pass to his nephew, George, and his male descendants, but he inadvertently omitted to provide for a contingency which might occur, in that one of the male descendants of his nephew, George, survived George, but predeceased his youngest son, by whose life the trust was measured.
Involved herein is the theory of a gift by implication. A frequently cited authority in support of the implied gift theory is the holding by the Appellate Division, Second Department, the Matter of Selner (261 App. Div. 618, affd. 287 N. Y. 664), which has not been overruled by Matter of Englis (2NY 2d 395), nor Matter of Slater (3 N Y 2d 109), and substantiation for this conclusion is found in the Matter of Englis (p. 402), where the court said: “ There are, of course, situations where common sense and justice require that the courts correct situations resulting from obvious error or omissions in wills.” Such a situation was present in the Seiner ease, and it is also present in this case.
*905 On the theory of a gift by implication, Matter of Selner (261 App. Div. 618, affd. 287 N. Y. 664), the intention of the testator can be found in the language of the second contingency; that is, “ that upon the death of both my nephew, George, and his youngest child living at the time of my death, then the income of the trust was to be paid to the children of George then living and the issue of any deceased child who may have theretofore died leaving issue, him or her surviving, in equal shares per stirpes, and not per capita ”.
This court is convinced that to give maximum effect to the intention of the testator, which is paramount, it is proper to utilize the rule of bequest by implication as a construction aid. A reading of the will reveals a carefully planned effort to provide for a full disposition of his property, income as well as residuary, in all contingencies. There are innumerable court pronouncements that a finding of intestacy is to be avoided if reasonably possible. This is not a case where the presumption against intestacy is available. It is simply the case of a contingency not provided for, and whose happening has left a portion of the income of the one-fifth of the residuary undisposed of.
In the construction of a testamentary disposition, according to the statement of a rule expressed by the court in Masterson v. Townshend (123 N. Y. 458, 462), where the language is unskillful or inaccurate, but the intent can be clearly understood from the writing, it is the duty of the' court to give effect to that intent, subject only to the proviso that no rule of law is thereby violated. Courts have from an early day repeatedly upheld devises by implication, where no gift seems to have been made in formal language, and the courts are justified in so doing whenever such a construction expresses what the testator manifestly intended to express.
Therefore, the court, in construing the intention of the testator, may give effect to an intention, or purpose, indicated by implication, where the express language of the entire will manifests such intention or purpose. Such a rule is easy of statement, but its application frequently becomes provocative of controversy. The provisions relating to the first contingency; that is, the death of one of the sons of George before the death of the youngest child, which eventuated, did not contain directions as to the disposition of income until the termination of the trust. The language relating to the second contingency, however, which did hot eventuate, contained an express direction to the trustees for the disposition of income by giving it to the children of any male child of the principal object of his bounty, George *906 Brahaney, who may theretofore have died leaving him, or her, surviving in equal shares per stirpes and not per capita.
The court can therefore hold under the first contingency, because of the language in the second contingency, that the gift of income by implication may be properly given effect.
Thus the application of the rule set forth in the opinion in Matter of Selner (supra), is applicable in this case, although the property to which the rule would apply is income rather than corpus of a trust property.
The respondent, Justin J. Brahaney, takes an exceedingly strong stand basing his position on the fact that the will does not express a manifest intention with respect to the income of the trust for the son, George, in the event that the contingency which we are considering did not occur. If such a manifest intention can be found in the general language of the whole will, then, of course, the doctrine of cross remainders by implication would not apply, and the application of such doctrine is justified only when such a manifest intention of the testator cannot be found in the will.
If, therefore, the disposition of the income property, as set forth in the second contingency, was not clearly stated or omitted, then, and only then, could the doctrine of cross remainders by implication be made applicable.
Exhaustive studies of the authorities cited by the respondent, Justin J. Brahaney, have been examined, as well as the Reports of the Law Revision Commission and the Restatement of the Law of Property by the American Law Institute which also dealt with this particular subject, and since all of those authorities, dictum, reports, and statements rest solely on the point that would be applicable, namely, a manifest intention of the testator, cannot be found, then, of course, their whole position falls, and since the court does find that the testator did express a manifest intention as to the disposition of the income of the trust, the conclusion of the court is that the respondents, Mary Ellen Eshelman, Lawrence G. Brahaney, Ann Marie Fox, Carol E. Duffy and James K. Brahaney, children of the deceased great-nephew, James V. Brahaney, become entitled to receive the income which he received during his lifetime.
I, therefore, construe the language of the will to mean, by application of the rule applied by the court in the Seiner case referred to above, that upon the death of any male child of the nephew, George, either before or after his death, the share of the one-fifth residuary should be paid to the children of any deceased male child of the nephew, George, during the remainder of the life of the trust.
*907 The court holds, therefore, that the income of the trust created by article VI of the will is distributable to the issue of any male child of the principal beneficiary thereof, namely, George Brahaney, who died prior to the termination thereof, and who are living at the time of death of said beneficiary, until the termination of the trust.