A. Franklin Mahoney, S.
In connection with a petition for judicial settlement of the accounts of the executors of the estate of Frances L. Gallagher, a construction is sought of certain testamentary documents consisting of the last will and testament of the deceased dated September 29, 1960, a first codicil dated November 13, 1960, and a second codicil dated January 22, 1961. The codicil of November 13, 1960 does not concern us in this proceeding.
Article “ Fourth ” of testatrix’ will provides as follows: 1 ‘ fourth : I give and bequeath to my Trustees, hereinafter named, in trust nevertheless, Fifty-eight (58) shares of b-m holding corporation Preferred Stock or its equivalent, to be added to the principal of the Trust hereinafter created and to be held for the benefit of my grand-daughter, eileen dana warren, if she survives me, under the provisions of paragraph seventh (b) hereof to be held and disposed of in accordance therewith. ’ ’
Article “Fifth” of decedent’s last will contains similar provisions for another grandchild.
The provisions of article “ Seventh (B) ”, referred to in each of the dispositive paragraphs above, provide the principal, to which 58 shares of the preferred stock of B-M Holding Corporation are to be added, of each of the trusts created in articles “ Fourth ” and “ Fifth ” of decedent’s will.
Decedent’s second codicil contains the following language: ‘ ‘ I hereby revoke and annul Article ‘ seventh ’ of my said Will and all bequests and legacies made in said Article ’ ’. The question presented for resolution is whether this language revokes the trusts for the benefit of the granddaughters of the testatrix created by articles “Fourth ” and “ Fifth ” of the will.
*770 The experience of all the attorneys herein is such that it is unnecessary to cite the unbroken line of cases from Hun through Flavin in support of that canon of construction which makes the intent of the testator paramount and subordinates all other rules of interpretation. That intent must be sought out and, when ascertained, must prevail.
A reading of the three testamentary instruments readily reveals a testamentary plan that is both natural and unambiguous. In her will, testatrix, after several nominal bequests to domestics, created trusts equal in number to the grandchildren that survived her. To the principal of the trusts created for granddaughters Eileen Dana Warren and Mary Jane Warren are to be added specific stocks as enumerated in articles “Fourth” and “Fifth” of the will. The remainder of her estate is divided between her son and daughter. By her second codicil the testatrix employed language of revocation in providing for bequests in substitution for those contained in articles “ Sixth ” and “ Seventh ” of her will. However, a reading of the whole codicil clearly shows an intent to continue her beneficent interest, by way of bequests, in her grandchildren. Indicative of this intent is the language used in the codicil creating the substitutionary gifts to her daughter, Eileen G. Warren, to wit: “ In the event that my said daughter predeceases me, then I bequeath said shares or their substitute to my Trustees, to be added in equal shares to the Trust created in my aforesaid Will for the benefit of the issue of the said Eileen Gr. Warren.”
Specifically, the deceased acknowledged in her codicil that she “ created ” trusts in her will and directs that said trusts be the recipient of additional funds if her daughter should predecease her. Revocation by codicil must be clearly spelled out as a purposeful intention of the testator and should not be read into a will or implied, particularly when its effect violates rational testamentary planning or leads to consequences necessitating the employment of negative legal devises, such as passive trusts, to save a bequest or devise. (Matter of Fabbri, 2 N Y 2d 236, mot. for rearg. den. 2 N Y 2d 979; Matter of Brahaney, 46 Misc 2d 901.)
The testamentary documents in this matter reveal a dominant purpose and plan of disposition for the benefit of the children and grandchildren of decedent. There being no inconsistency between the second codicil and the trusts created in article ‘ ‘ Seventh ’ ’ of the will, there can be no effect upon the provisions of articles “ Fourth ” and “ Fifth ” of the will.
Next, the question of abatement, as between the trusts created in articles “ Fourth ” and “ Fifth ” of the will and the specific *771 bequest of 331 shares of preferred stock of B-M Holding Corporation to deceased’s daughter by the second codicil, is academic. The daughter, Eileen G-. Warren, has agreed to an allocation of 116 shares to the two trusts, thereby reducing her bequest by 18 shares. Since this is within the power of a testamentary donee and does not affect residuary legatees, it is unchallengeable.
This matter is to be returned to the court calendar for a hearing on April 12, 1966 at 10:00 a.m. At that time the court will hear objections to the accounts of the executors, if any, and determine and fix attorney’s fees, executor’s commissions, costs and an allowance for the special guardian.
This memorandum shall serve as notice to all the parties herein of the April 12, 1966 hearing.