### 469 P.2d 711

In the Matter of the Last WILL and Testament of Evelyn K. Giant Mc-
DOWELL, Deceased.

Charles E. FROCK, H. Dean Frock and Marcia I. Frock Etsler, and Charles E. Frock, Administrator, Appellants,

v.

Robert Ivory GIANT, Mrs. Evelyn Felger, Angus Giant, Jr., Wayne Giant, Raymond Giant, Thomas Gross, Ronald Kain, Larry Kain, Herbert Giant, Jr. and Albuquerque National Bank, Appellees.

No. 8987.

Supreme Court of New Mexico.

May 25, 1970.

A. H. McRae, Albuquerque, for appellants.

Marron, Houk & McKinnon, Albuquerque, for appellees.

## OPINION

COMPTON, Chief Justice.

The decisive question is whether the joint and mutual last will and testament of Theodore K. Giant and Evelyn K. Giant disposed of the estate of the survivor, Evelyn K. Giant.

The essential facts are stipulated. On December 16, 1946, the testators executed the will in question. Theodore K. Giant died August 4, 1951. The will was probated and pursuant thereto, all the property of the testators was transferred to the Albuquerque National Bank as trustee for the benefit of Evelyn K. Giant for life, with the remainder over to the nieces and nephews of the testators, the parties hereto.

Evelyn K. Giant subsequently married Horace R. McDowell, who predeceased her, leaving her as sole beneficiary of his estate of approximately $48,000.00.

Evelyn K. McDowell died July 25, 1968. Following her death, the testamentary trust under the will, with total assets of both testators of $496,854.72, for distribution among the nieces and nephews, was terminated.

By the will Evelyn K. Giant devised all of her property to her husband should she predecease him, and the husband devised all of his property to the Bank in trust should his wife survive him. The will further provided: "Upon the death of my husband, I, Evelyn K. Giant, do give, devise and bequeath so much of my estate as shall remain to" the Bank in trust under the same terms as the trust set up by her husband.

The will contained no express provision for the disposition of the estate of the testators upon the death of the survivor. Therefore the appellants contend that the will was not dispositive of the estate of Evelyn K. Giant. The trial court found that it did, and concluded that gifts by implication to the heirs should be implied so as to effectuate the intent of the testators.

We think the trial court reached the correct conclusion. The intent of the testators must be determined from the will itself when considered as a whole. Gregg v. Gardner, 73 N.M. 347, 388 P.2d 68. Both testators reciprocally appointed the survivor as executor of the will; both designated the Albuquerque National Bank as trustee of the survivor. The will was made irrevocable and provided for a life estate in the survivor. It also provided that all of the estate upon the death of the survivor should be administered by the bank for the use and benefit of the nieces and nephews of both testators until such time the youngest should attain the age of 18 years, at which time the estate would be divided equally among the nieces and nephews of both testators. Evelyn K. Giant agreed to take under the will and renounced all other rights as survivor.

**564**

Considering the general purpose and plan of the will and from the will itself, the conclusion is inescapable that both testators intended that the survivor should have a life estate in the property, both community and separate, with the remainder to go to the nieces and nephews of both testators in equal shares upon the death of the surviving testator.

 It is well settled that a gift by implication will be implied in order to effectuate the intent of a testator. See In re D'Allesandro's Will, 55 Misc.2d 909, 286 N.Y.S.2d 914; In re Walters' Estate, 75 Nev. 355, 343 P.2d 572. Compare Delaney v. First National Bank in Albuquerque, 73 N.M. 192, 386 P.2d 711 and Lamphear v. Alch, 58 N.M. 796, 277 P.2d 299. The contingency of remarriage by Evelyn K. Giant was not an unforseeable event. See Thrash v. Boggs, 346 S.W.2d 660 (Tex.Civ. App.).

The judgment should be affirmed.

It is so ordered.

TACKETT and WATSON, JJ., concur.