In the Matter of the Estate of CHARLES G. HARDIE, Deceased.

Surrogate's Court, Erie County, March 21, 1941.

*David E. Peugeot*, for the Marine Trust Company of Buffalo, as temporary administrator.

*Gardner & Moseson* [*Harry Moseson* of counsel], for Caryl Shaver, Jean Gregory, Roy Hardie, Charles G. Lindsay and H. Carl Hardie, distributees.

*Kenefick, Cooke, Mitchell, Bass & Letchworth* [*Thomas R. Wheeler* and *Barbara C. Crosby* of counsel], for the Delaware County Society for the Prevention of Cruelty to Animals, Sullivan County Society for the Prevention of Cruelty to Animals, Erie County Society for the Prevention of Cruelty to Animals and Ingleside Home.

*H. Edson Webster*, for the Protestant Home for Unprotected Children.

VANDERMEULEN, S. Charles G. Hardie, who died on October 18, 1940, left a last will and testament providing among other things the following:

"*Second.* I give, devise, bequeath and grant all my estate, real, personal and mixed, of every kind, name, nature and description, wheresoever the same may be situate, of which I may die seized, or in which I have or may have, any legal or equitable interest, to my wife, NETTIE M. HARDIE, to be hers absolute and forever.

" *Third.* In the event that my said wife, NETTIE M. HARDIE, shall die simultaneously with me, or her death closely follow my demise, either as the result of accident or illness of any kind whatsoever, then and in that event, it is my will and I direct my estate shall be disposed of as follows:

" 1. I give, devise, bequeath and grant the sum of $5,000.00 to my executor, who is also hereby appointed my trustee for the purpose, said sum to be invested and the income thereof paid to ETHEL D. RADEKER; and my said executor and trustee is directed to pay to said ETHEL D. RADEKER, in case of sickness or need, any part or the whole of the principal as may be required, and upon the death of said ETHEL D. RADEKER, any unused portion of principal or income of said sum to be paid to the PROTESTANT HOME FOR UNPROTECTED CHILDREN and the INGLESIDE HOME, both of Buffalo, N. Y., share and share alike, to be used by said institutions for the purposes of their incorporation.

" 2. I give, devise, bequeath and grant to THE DELAWARE COUNTY SOCIETY FOR THE PREVENTION OF CRUELTY TO ANIMALS, THE SULLIVAN COUNTY SOCIETY FOR THE PREVENTION OF CRUELTY TO ANIMALS AND THE ERIE COUNTY SOCIETY FOR THE PREVENTION OF CRUELTY TO ANIMALS, each the sum of $500.00.

" 3. All the rest, residue and remainder of my estate I give, devise, bequeath and grant to the PROTESTANT HOME FOR UNPROTECTED CHILDREN OF BUFFALO, N. Y., and the INGLESIDE HOME of Buffalo, N. Y., share and share alike, to be used by said institutions for the purposes of their incorporation."

Nettie M. Hardie, wife of the decedent, died August 18, 1939.

The distributees of the deceased have filed objections praying for a dismissal of the probate of the purported last will and testament of the deceased on the following grounds:

" 1. That the above stated paper writing is invalid as a last Will and Testament and is an illegal and void disposition or attempt to dispose of property.

" 2. That the provisions of paragraphs marked ' Third ' and ' Lastly ' depended upon a condition, contingency and event that did not arise in the manner set forth in the Will, to wit: that the wife of Charles G. Hardie did not die simultaneously with the testator nor did her death closely follow the demise of the testator either as the result of an accident or illness of any kind whatever.

" 3. That none of the contingencies, conditions and events prescribed for in said last Will and Testament entitling it to probate have occurred.

" 4. That the instrument offered for probate is ineffective for any purpose whatsoever."

It is evident that Charles Hardie did not desire to die intestate, else he would not have made a will, or having made it, he would have destroyed or revoked it. It is also evident that he did not intend to make his relatives the object of his bounty in the event of his dying simultaneously with his wife. This being apparent and clearly reflecting the attitude of the testator toward his relatives, is it not reasonable to presume that this was his attitude and his feeling in any event, and particularly under the situation as it subsequently developed? Having designated his beneficiaries under his will, it does not appear to me that Charles Hardie chose these beneficiaries only in the event of his dying simultaneously with his wife. I believe he intended them to be his beneficiaries in any event and if he had any intention to the contrary, he could and would have made another will for he lived fourteen months after the death of his wife.

Testimony was given by Ethel D. Radeker, one of the legatees, as to the circumstances existing in the home of Mr. and Mrs. Hardie and involving her particular status. Further testimony was given by her as tending to show that with the exception of a visit of one of the nephews for a period of two hours, the relatives of the decedent never visited him. The reception of this evidence was objected to, but I am of the opinion that it was admissible. No testimony was offered by the contestants to show any particular reason why the deceased should leave his estate to them or that he ever displayed any intention of so doing.

Justice SEARS in *Matter of Kenny* (224 App. Div. 152; affd., without opinion, 250 N. Y. 594) said (at p. 156):

" The respondents rely on the literal language of the paragraph and urge that the words ' only one child ' can mean nothing other than ' at least one child and not more than one child,' and assert that any other construction would not be an interpretation, but the distortion of language to such an extent as to amount to the making of a new will for the testatrix. * * *

" On the other hand, great latitude is given to courts to render effective imperfectly expressed testamentary intention. [*Dreyer* v. *Reisman*, 202 N. Y. 476.] ' Courts may, it is true, transpose words and phrases, and read the provisions of a will " in an order different from that in which they appear in the instrument, insert or leave out provisions if necessary, but only in aid of the testator's intent and purpose; never to devise a new scheme or make a new will." ' (*Leggett* v. *Stevens*, 185 N. Y. 70; *Trask* v. *Sturges*, 170 id. 482; *West* v. *West*, 215 App. Div. 285.) In the interpretation of a will the consideration of paramount importance is to discern the intention

of the testator as expressed in the will. All other rules for the interpretation of wills are subordinate to the requirement that the intention of the testator should be sought and given effect when that may lawfully be done. (*Fulton Trust Co.* v. *Phillips*, 218 N. Y. 573, 580; *Matter of Buechner*, 226 id. 440; *Close* v. *Farmers' Loan & Trust Co.*, 195 id. 92.) There is another subordinate canon of construction which has some bearing on the construction of this instrument, viz., that between two possible constructions, that is to be preferred which avoids intestacy. (*Matter of Schriever*, 221 N. Y. 268; *Hadcox* v. *Cody*, 213 id. 570; *Ward* v. *Stanard*, 82 App. Div. 386.) " (See, also, *Matter of Miller*, 161 N. Y. 71; *Matter of Miner*, 146 id. 121; *United States Trust Company* v. *Hogencamp*, 191 id. 281.)

I am of the opinion it was the intention of the testator that his estate be disposed of as set forth in the will in the event that he and his wife died simultaneously or in the event that she predeceased him.

The objections are dismissed and probate of the will is hereby granted.