John D. Bennett, S.
This is a proceeding for construction of the will of the decedent, in which the attorneys for the petitioner request a hearing to present to the court the circumstances surrounding the testator at the time of the execution of the will, for the purpose of discovering his intention. Such testimony becomes proper and material when there is an ambiguity in the will which requires a construction of its provisions.
In the present case, paragraph Third of the will provides for ‘ ‘ the death of both of us in a common accident ’ ’. The petition for construction alleges that the words “ or upon the death of the survivor of us ” were inadvertently omitted in paragraph Third. Assuming such allegation to be true, there would be no ambiguity in the will as written and presented. That the testator may have intended to include some disposition of his property omitted from the instrument is not an ambiguity. An ambiguity is some doubt or question arising from the provisions contained within the four corners of the will. To be ambiguous, the will itself must be unclear, and the testator’s intention not ascertainable.
Since the will before this court presents no ambiguity or unclarity to justify a hearing to aid the court in interpreting the same, the application for such hearing by the attorneys for the petitioner is denied.
The court is in agreement with the special guardian that the will is plain and unambiguous, that the only disposition provided for by the will is in the event of death of both testator and his wife in a common accident, and the property of decedent, being undisposed of by the will, passes by intestacy.
Furthermore, paragraph Fourth of the will which states that no provision is made for a grandson Kenneth A. Kajkowski, whether considered as a part of paragraph Third or a separate provision, does not deprive the said grandson of his right to inherit by intestacy, and he takes the share of his deceased father, Anthony T. Kajkowski.