In the Matter of the Construction of the Will of ANTHONY KAJKOWSKI, Deceased. EDWARD V. KAJKOWSKI, as Executor of ANTHONY KAJKOWSKI, Deceased, Appellant; PETER A. GRANDE, as Special Guardian for KENNETH A. KAJKOWSKI, an Infant, Respondent.— In a proceeding to construe testator's will, petitioner, the executor named in the will, appeals, as limited by his brief, from so much of a decree of the Surrogate's Court, Nassau County, dated October 17, 1960, as adjudged that there was no disposition of property by testator under his will and that he died "as in intestacy". On September 10, 1953, testator and his wife made a joint will, which provided that all their property was to go to the survivor. However, in the event of death of both in a common accident, the property was given to two named children. The will expressly stated that no provision was made for a grandson, the child of a deceased son. Testator and his wife did not die in a common accident. She died March 24, 1957; he died March 11, 1959. The will was admitted to probate on September 1, 1959. The executor-petitioner sought a construction that the will meant that, even if testator and his wife did not die in a common disaster, the two named children were to share to the exclusion of the grandson.

The grandson's special guardian contended that, since the wife was not the survivor and since the only provision in the will for property to go to the two named children was in the event of death in a common disaster which did not occur, the testator died intestate as to his residuary estate and, therefore, the grandson was entitled to share in the estate. The Surrogate agreed with the special guardian. Decree, insofar as appealed from, reversed on the law, with costs to all parties filing briefs payable out of the estate, and matter remitted to the Surrogate's Court for entry of a decree construing the will to the effect that it was the intent of the testator, whether he and his wife shall die simultaneously or whether she shall predecease him, to leave his residuary estate as set forth in his will (*Matter of Hardie*, 176 Misc. 21, affd. 263 App. Div. 927, motion for leave to appeal denied 288 N. Y. 739). Any other construction would mean that the testator died intestate, a result which should be avoided, if possible. Beldock, Acting P. J., Kleinfeld and Pette, JJ., concur; Ughetta and Christ, JJ., dissent and vote to affirm the decree insofar as appealed from.