◼ In the Matter of the Estate of Pasquale Imperato, Deceased. Lucy I. McWilliams, Appellant; Ralph Imperato, Respondent.— In a proceeding to construe a will, the petitioner appeals from a decree of the Surrogate's Court, Suffolk County, entered January 11, 1965 upon the court's decision (see 44 Misc 2d 639), which adjudged that the will was without testamentary effect and that the estate of the testator should be distributed as in intestacy. Decree reversed on the law, with costs to the respective parties payable out of the estate, and proceeding remitted to the Surrogate's Court, Suffolk County, for entry of a decree construing the will in accordance with the petition. No issues of fact were considered. The testator and his wife executed a joint and mutual will providing that after the payment of debts, etc., all their property should go to the survivor; providing further that in the event of their simultaneous death $500 was to be given to their daughter Clara, and the residue to their daughter Lucy (thereby disinheriting the respondent and two other sons) but making no provision for the disposition of the property of the surviving spouse should they not die simultaneously. The testator and his wife did not die simultaneously; she died first. The Surrogate held that, since the will contains no express provision disposing of the estate of the surviving spouse, it is without testamentary effect. We do not agree. In our opinion, the legal effect of the provisions of the will is that the property should pass to the two named daughters whether the testator and his wife should die simultaneously or whether she should predecease him (*Matter of Kajkowski*, 13 A D 2d 994; *Matter of Hardie*, 176 Misc. 21, affd. 263 App. Div. 927, mot. for lv. to app. den. 288 N. Y. 739). We likewise construe the will as designating the petitioner to be sole executrix. Beldock, P. J., Ughetta, Brennan and Hopkins, JJ., concur; Christ, J., dissents and votes to affirm the decree upon the opinion of the Surrogate (44 Misc 2d 639).