Edward S. Silver, J.
This is a proceeding to construe a joint and mutual will executed by decedent and his wife on March 5, 1956. The wife died on March 31, 1964 and said instrument was probated in this court as her last will and testament. Shortly thereafter decedent was adjudicated an incompetent. He died on November 27, 1966 and the same instrument was probated as his last will and testament on June 2, 1967. The probate decree reserved the present construction question raised by decedent’s brother for determination upon the accounting or, as now, in an independent proceeding.
Following the customary exordium and imprimus clauses, the testators by paragraph Second of the will devised and bequeathed “ all our estates -and effects * * * unto the survivor of either of us.” Paragraph Third provides: “ In the event that we both die simultaneously or in the same catastrophe, we hereby devise and bequeath all the rest, residue and remainder of our estate and our effects whatsoever and wheresoever the same may be situated, whereof we may be seized or possessed, or to which we may be in any manner entitled, or in which we may be interested at the time of our decease, unto our dear beloved nieces Christine Lazzarini Fiorillo and Gloria Lazzarini, to share and share alike absolutely and forever.”
In paragraph Fourth, Christine is named executrix and in paragraph Fifth Gloria is named alternate executrix, to serve without bond or security. Then follow the testimonium and attestation clauses with the necessary signatures of the testator and the attesting witnesses. Incidentally, one of the witnesses was the attorney draftsman who also probated the instrument on each occasion, but he does not represent the executrix in this proceeding.
The will thus does not provide for the contingency, which occurred, of the husband and wife not dying simultaneously or in the same catastrophe and for distribution upon the death of the survivor of them.
The records in this court and the papers-in the current file show that decedent left an estate of about $20,000 derived almost entirely from the estate of his wife. He was survived by a brother, petitioner herein, and a sister both residing in Italy, as his sole distributees, with whom it is alleged he had little or *911 no contact. His wife was survived by two brothers in Italy and a widowed sister, as her sole distributees. Christine and Gloria aforementioned, respondents, are the latter’s children. They allegedly were regarded by decedent and his wife as their own, especially Christine who had suffered an injury in their home where she- was brought up.
The foregoing explains to some extent why decedent and his wife, after providing exclusively for each other as survivor, made respondents .their sole beneficiaries in the event they died simultaneously or in the same catastrophe. It is significant that respondents’ appointment as executrix and alternate executrix respectively was general and not dependent upon the simultaneous deaths of the testators. Consequently Christine as executrix previously administered the estate of the testatrix and is now administering -testator’s estate.
In this proceeding respondents request a hearing in order to establish that the testators intended them to be their sole testamentary beneficiaries even, as it occurred, that they did not die simultaneously or in a common disaster, although the will does not expressly so indicate. They claim the right to share equally in the estate of decedent as surviving testator, on the basis of a gift by implication consonant with this alleged intention. They rely upon Matter of Thall (18 N Y 2d 186), Matter of Hardie (176 Misc. 21, affd. without opn. 263 App. Div. 927, mot. for lv. to app. den. 288 N. Y. 739) and Matter of Kajkowski (24 Misc 2d 72, revd. 13 A D 2d 994).
Petitioner, on the other hand, contends that the failure to provide for distribution in the -event which occurred, namely, the nonsimultaneous death of decedent herein, results in intestacy and that his estate must, therefore, be distributed to petitioner and his sister as his sole distributees. He relies mainly upon Matter of Imperato (44 Misc 2d 639, revd. 24 A D 2d 598, revd. 18 N Y 2d 825), as the controlling* authority for the rule to be applied here, namely, that since it is argued that the will is clear and unambiguous there is no need or room for construction and there is no duty or authority on the part of the court to supply the missing element in the testamentary scheme even at the risk of producing complete intestacy.
But petitioner’s contention overlooks the most important and overriding duty that rests upon the court to ascertain the testator’s intent if at all possible and to endeavor to construe his will so as to carry out his intention if not contrary to law. The court may not, of course, rewrite a will and supply an omission, even if inadvertent, based upon extrinsic evidence of intent. But where a firm basis for the construction is found m the will the *912 court may add, excise, change or transpose language or provisions in order to effectuate testamentary intention as ascertained. One result of such construction in circumstances like those present is the finding of a gift by implication. There are many instances in which a testamentary disposition, made in a contingency which is provided for but did not occur, is held to apply by necessary implication to a contingency which did occur' although not provided for in the will.
The Court of Appeals in Matter of Englis (2 N Y 2d 395) called it a rare case in which a gift by implication may be upheld but emphatically asserted the existence of the power to do so "when it said (p. 402) “ There are, of course, situations where common sense and justice require that the courts correct situations resulting from obvious error or omissions in wills. Such was the Seiner case ” (261 App. Div. 618, affd. 287 N. Y. 664), and went on (p. 403) to justify a gift by implication “ in those cases [in which] one could discover a group of people to whom as a group the testator limited his beneficence.”
This case falls within that classification. The group mentioned in the will herein as the only beneficiaries thereunder is composed of the two nieces of the wife but described as “ our dear beloved nieces.” The only testamentary disposition in the will, after the one to the surviving testator, is made to respondents in a remote contingency which is provided for but did not occur, namely, “in the event that we both die simultaneously or in the same catastrophe.” Is there a solid basis in the will as a whole in the light of the surrounding circumstances to read the omitted usual and most probable contingency into the common disaster clause, paragraph Third, and to hold that the same disposition of testator’s estate applies to that contingency which did occur, thereby constituting a gift by implication to respondents? The inescapable answer appears to be in the affirmative.
In Matter of Thall (18 N Y 2d 186, supra) the court said that intestacy must be decreed where the intent of the testator is not sufficiently clear to permit a bequest or devise by implication, but found a clear indication in the language of the will to support such bequest. The case was mentioned by Surrogate Di Falco in Matter of Harris (N. Y. L. J., April 20, 1967, p. 17, col. 1) as not applicable to the joint and mutual will under consideration which failed to provide for a contingency that occurred, because a gift by implication cannot be used to salvage a will that is not ambiguous and simply fails to provide for the contingency that occurred. He, therefore, construed the will in accordance with Matter of Imperato (18 N Y 2d 825, supra) producing intestacy. But lack of ambiguous language does not *913 necessarily preclude finding a sufficiently clear indication within the will of an intended gift by implication, with the desirable result of avoiding intestacy.
In Matter of Kajkowski (24 Misc 2d 72, revd. 13 A D 2d 994, supra) the court construed a will in which also the only disposition made was in the event that testator and his wife died in a common disaster. There was an added element in that the will expressly stated that no provision was made for a grandson. The Surrogate construed the will so as to produce intestacy which benefited the grandson. The Appellate Division, in a memorandum divided decision, reversed, and construed the will to provide for the same disposition of the property in the omitted contingency of the wife predeceasing testator, in order to avoid intestacy, citing Matter of Hardie (176 Misc. 21, affd. 263 App. Div. 927, mot. for lv. to app. den. 288 N. Y. 739, supra). As explained by Surrogate Hildredth in Imperato (supra) and by Surrogate Di Falco in Harris (N. Y. L. J., April 20, 1967, p. 17, col. 1, supra), the court in Hardie found a testamentary intent that relatives should not take and thus construed the will, and in Kajhowshi the decision was grounded in the express provision excluding the grandson, who would benefit if the will were construed to produce an intestacy. So too, here, the failure of the testators to mention any of their respective brothers and sisters, their sole distributees, may well be looked upon as a case of disinheritance. To construe the will as requested by petitioner would flout the indicated intention of the testators to exclude their respective distributees who would take in intestacy in favor of a certain family group alone provided for in their will.
The will shows clearly that, after accomplishing their primary purpose of bequeathing all of their property to each other as survivor, the testators had in mind as their only beneficiaries their “dear beloved nieces.” Under the circumstances herein it would be most unreasonable to assume that they intended to limit distribution to respondents so affectionately described in the event only of the testators dying simultaneously or in the same catastrophe. But construction may not rest exclusively on assumptions dehors the will. That they did not so intend is apparent from the provisions in Paragraph Fourth appointing respondents as fiduciaries generally, and not limited to- the contingency of the simultaneous deaths of the testators, as in Imperato (supra). It can hardly be conceived that they intended their niece as executrix to administer the estate of the first of them to die for the benefit of the survivor and thereafter, upon the death of the survivor, to preside over the administration of *914 the survivor’s estate, as respondent is now doing, for the benefit of the very persons who are not mentioned in the will and could benefit only if the will is construed to produce intestacy, which result no testator intends except as sometimes expressly provided to apply in remote contingencies of no interest. Paragraph Fourth, appointing respondents as executrix and alternate executrix respectively, whether testators died simultaneously or not, carries with it the necessary implication that the administration of the estate of the surviving testator herein was intended to be for the sole benefit of the two nieces, likewise in either of said contingencies.
The provision appointing respondents as the fiduciaries as an effective part of testators’ testamentary scheme, viewed in the light of the surrounding circumstances, distinguishes the instant case from Imperado (supra), relied upon mainly by petitioner, and from Matter of Weinberger (N. Y. L. J. March 3, 1967, p. 18, col. 4 [Silverman, S.]) which followed Imperato and is cited by petitioner. In both of these cases the appointment of the beneficiary fiduciary was tied in with the common disaster clause and the wills as construed had no testamentary effect whatever, it being reasonably assumed under the, circumstances that the interests of the beneficiary fiduciary were confined to the -common disaster contingency. Another distinguishing factor is that in Imperato the testators had five children, of whom only two were mentioned in the common disaster clause which contained the only testamentary disposition and fiduciary nomination. It seemed reasonable for the learned Surrogate to assume that the testators intended the two beneficiaries named to take only in the event of their common deaths and intentionally left -the survivor free to make any disposition that he or she might wish to make for the benefit of all of their children equally dear to them, failing which, the estate would pass to them equally by intestacy.
In the instant case the opposite conclusion appears to be justified. It is most reasonable to assume, in the light of the testamentary scheme and provisions, that testators intended respondents to take under the will even upon the death of the survivor, to the exclusion of their distributees in every contingency except, of course, in the probably unimagined event -that both respondents would predecease the surviving testator, or if the surviving testator should make a new will. In any event, the court’s construction holding that the will under consideration provides a gift by implication to respondents is not based upon surmise, speculation or a choice of conflicting assumptions. It is based upon viewing the will as a whole in the light of all *915 of the circumstances, which leaves no donbt in the mind of the court that testator intended respondents to share his estate upon his death in the event that occurred although not specified in the will. No will has a brother, and no will must be interpreted in a vacuum. The surrounding facts and circumstances, some of which are described at the outset, are not denied and therefore no hearing is required to establish the relevant and material ones. This is to be distinguished from extrinsic evidence as to testamentary intent which is inadmissible in the absence of ambiguities in the will. Here there is no ambiguity in the language of the will, but there is an omission which the court is bound to supply if a basis is found in the will itself clearly indicating testamentary intention to make the disposition omitted but necessarily implied therefrom. (Matter of Astor, 5 Misc 2d 722, affd. 5 A D 2d 940, mot. for lv. to app. den. 6 A D 2d 732; Matter of Bruckheimer, 12 Misc 2d 1060; Matter of Brahaney, 46 Misc 2d 901; Matter of Nield, 42 Misc 2d 1010; Matter of Cohn, 29 Misc 2d 661; Matter of Browne, 156 N. Y. S. 2d 883; Matter of Gomez, 137 N. Y. S. 2d 545; Matter of Sedgwick, 130 N. Y. S. 2d 768; cf. County Trust Co. v. Darling, 14 Misc 2d 57; Matter of McEntee, N. Y. L. J. March 9,1967, p. 17, col. 3 [McGrath, S.]; Matter of Acquilino, 53 Misc 2d 811; Ann. 94 A. L. R. 26, and cases cited herein.)
The court, therefore, holds that respondents are entitled to share the estate equally, and the will is so construed.