■ Neil Saulia, Respondent, v. Concetta Saulia, Appellant, et al., Defendant.— Appeal by defendant Concetta Saulia from a judgment of the Supreme Court, Kings County, dated May 6, 1968, which declared that her title to the use of a certain cemetery plot is impressed with a trust limiting such use to the interment of appellant and of plaintiff, his wife, his descendants and their spouses, and his other relatives. Judgment reversed, on the law and the facts, with costs, and judgment directed to be entered declaring that appellant has legal and equitable title to the use of the plot. Charles Saulia specifically devised a family cemetery plot to his second wife, Concetta Saulia, the appellant, to whom he had been married for 25 years. Respondent, Neil Saulia, the decedent's son by his first wife, was in possession of the deed to the cemetery plot at the time of his father's death. Two witnesses testified that about two weeks before Charles' death they were with respondent when his father handed him an envelope with the deed to the cemetery plot, saying (the precise words here quoted are those of one of the witnesses), "Neil, here, this is yours, keep it. For you and your family. Just make sure I'm buried there." No members of appellant's family are buried in the plot. Subdivision 6 of section 84 of the Membership Corporations Law provides that an interest in a cemetery plot will not pass by a residuary or general clause in a will, but must be specifically devised. The trial court impressed appellant's title to the use of the cemetery plot with a constructive trust in favor of respondent and his family. We find that no constructive trust exists in the instant case. A constructive trust is a "fraud-rectifying" trust rather than an "intent-enforcing" trust (Bogert, Trusts & Trustees [2d ed.], § 471, p. 7). Equity will interfere with the property rights of the holder of legal title where the owner thereof in good conscience may not retain the beneficial interest therein (*Beatty* v. *Guggenheim Exploration Co.*, 225 N. Y. 380, 386). In the instant case there is no proof whatsoever that appellant in any way influenced the decedent to devise to her the cemetery plot. In any event, respondent in his brief concedes that no constructive trust exists. Respondent raises the spectre of a "resulting trust". A resulting trust springs into being "(1) where an express trust fails in whole or in part; (2) where an express trust is fully performed without exhausting the trust estate; (3) where property is purchased and the purchase price is paid by one person and at his direction the vendor conveys the property to another person" (4 Scott, Trusts [2d ed.], § 404.1, p. 2922). Accordingly, we find that a "resulting trust" did not spring into being in the instant case. Respondent finally contends, citing numerous cases from other jurisdictions, that it is improbable that a father would not want his family buried in the family plot. (See, also, Jackson, Law of Cadavers [2d ed.], pp. 369–370.) Suffice it to say the statute is clear on its face that cemetery plots must be specifically devised, as was done here. The drafters of that statute apparently were aware of those cases and the situations they exemplify. Accordingly, we declare that Concetta Saulia has legal and equitable title to the use of the cemetery plot. Christ, Acting P. J., Brennan, Benjamin, Munder and Martuscello, JJ., concur.