John D. Bennett, S.
In this probate proceeding, a construction hqs been requested. The will directs that the residuary estate he given to the testator’s wife, Theresa, and in the event of a y y-mon disaster, to Irma Baolto, the testator’s daughter. Tberesp’s death occurred prior to the testator’s but the will contain:-; no provision to cover this contingency. The disposition of '¿lie estate is further complicated by the following paragraph of the will: ‘ ‘ fifth : I have not mentioned my son boon in this Will because he is completely paralyzed and is unable *788 to take care of himself, and after the death of myself and my wife, my daughter has promised to take care of my son egon, and I know she will keep her promise.”
“ The first rule of testamentary construction, of course, is that a will be interpreted to reflect the actual intention of the testator and the second that this intention be ascertained from a reading of the document as a whole. * * * If a ‘ general scheme ’ be found, it is the duty of the courts to carry out the testator’s purpose, notwithstanding that ‘ general rules of interpretation ’ might point to a different result.” (Matter of Thall, 18 N Y 2d 186, 192; cf. Williams v. Jones, 166 N. Y. 522, 532-533; Matter of Hicks, 7 Misc 2d 344, 345.)
In Matter of D’Allesandro (55 Misc 2d 909) the will similarly did not provide for the contingency that ensued. The court stated (p. 912): “ There are many instances in which a testamentary disposition, made in a contingency which is provided for but did not occur, is held to apply by necessary implication to a contingency which did occur although not provided for in the will.”
The guardian ad litem of the son, Egon, contends in his report that, since the will does not cover the present situation, the testator should be declared to have died intestate. However, a finding of intestacy will result in exactly a situation which the testator expressly sought to avoid, namely, that his son receive a direct share of his estate (Matter of Kajkowski, 13 A D 2d 994; cf. Matter of Imperato, 18 N Y 2d 825). The language of paragraph fifth does not impose any legally binding condition on the daughter but is held merely precatory in nature (Matter of Warren, 11 N Y 2d 463). The will is construed as intending a gift by implication to the daughter of the residuary estate absolutely.
Finally, the court has received affidavits relating to the competency of one of the attesting witnesses. An accompanying letter signed by the witness’ wife verifies the signature on the will as that of her husband’s. Pursuant to SCPA 1405, the court will admit the will to probate on the strength of this verification and the testimony of the remaining witness.