OPINION OF THE COURT
C. Raymond Radican, J.
This action transferred here by the Supreme Court, Nassau County, contains four causes of action, two seeking declaratory judgments, the third an accounting and the fourth the imposition of a constructive trust. All four actions relate to the interpretation and construction of a joint will executed by the decedent and his surviving spouse which has been admitted to probate by this court as the decedent’s will.
*730 At his death on June 7, 1982, decedent was survived by his wife, Sophie, the defendant in this action, and two daughters of a prior marriage, Marilyn and Thelma, the plaintiffs. The critical portions of the joint will to be construed provide as follows:
“second: Upon the death of one of us, leaving the other of us surviving, all property and estate of the one so dying first, and all property of which he or she has power of disposal, is hereby given, devised and bequeathed unto the survivor.
“third: In the event that we both die at the same time, or as a result of a common disaster and accident, then all property of which we or either of us has power of disposal, is hereby given, devised and bequeathed as follows: ‘(A) * * * unto our beloved daughters, thelma cohén and Marilyn MARGUEIS * * *’
“fourth: We do hereby direct that the survivor of us shall not be required to give any bond or security whatever in any capacity or for the taking or holding of any property, and the survivor shall not be restricted in any way in his or her lifetime in the matter of a bona fide disposition or use of any property belonging to either of us.
“fifth: We have agreed upon the foregoing disposition of our property, and in consideration thereof, it is further agreed that this will shall be forever binding upon us or each of us and shall bind our distributees and representatives. This will shall not be revoked by either of us or by the survivor of us with the exception only that it may be revoked by writing duly subscribed by both of us.
“sixth: Upon the death of one of us, leaving the other surviving, the survivor is hereby appointed executor of the will of the first one of us who shall decease, and upon the death of both of us, Thelma Cohen is appointed executrix of our joint will and of our respective wills as hereinafter expressed. The above executrix shall not be required to give any bond or security whatever in any capacity.”
Paragraph seventh names Marilyn Margulis as alternate executrix.
The four causes of action may be briefly described as follows: (1) For a declaratory judgment that the joint will *731 creates an irrevocable contract binding each testator to its dispositions; (2) For a declaratory judgment that the joint will provides for a gift by implication to the plaintiffs without being limited to a contingency for a common disaster; (3) For an accounting of the collective assets of the decedent and Sophie; and (4) For the imposition of a constructive trust upon such assets.
Presently pending and undetermined is a motion by the defendant for summary judgment referred to this court by the Nassau County Supreme Court in its decision declining jurisdiction and transferring the matter here (Jan. 10, 1984, Balletta, J.). Ample authority and justification supporting this court’s jurisdiction of this matter and the transfer here are set forth in that decision and need not be repeated here. While the original motion was brought under CPLR 3211, it was regarded by the Nassau County Supreme Court as one for summary judgment and will be so treated here, the parties having had sufficient notice of such intention.
In proceedings to establish a contractually binding joint will, two principles emerge: the evidence in support thereof must be “clear and convincing” (Rubenstein v Mueller, 19 NY2d 228, 232; Oursler v Armstrong, 10 NY2d 385, 389; Matter of De Lano, 41 AD2d 880) and the mere existence of a joint will may not in and of itself serve to establish such an agreement (Rich v Mottek, 11 NY2d 90, 94; Oursler v Armstrong, supra; Matter of Bainer, 71 AD2d 728). However, the Law Revision Commission’s recent study in effect concludes that the New York courts honor such principles more in the breach than in the observance (1983 Report of NY Law Rev Comm, NY Legis Doc, 1983, No. 65, p 363). To remedy this situation and reinforce the necessity for strict proof, EPTL 13-2.1 was recently amended at the recommendation of the Commission to require specific mention of a contract in the joint will in order to make it irrevocable (L 1983, ch 292). While the amendment affects only “contracts” executed after its effective date (Sept. 1, 1983), at least one commentator has observed that it may nevertheless influence the direction of the courts even in previously existing situations. (Rohan, Supplementary Practice Commentaries, McKinney’s *732 Cons Laws of NY, Book 17B, 1983-1984 Pocket Part, EPTL 13-2.1, p 68.)
Notwithstanding its inapplicability to this joint will, the requirements of EPTL 13-2.1 (subd [b]) are nevertheless satisfied. Article fifth quoted above at length specifically provides in part that “We have agreed upon the foregoing disposition of our property” which “shall be forever binding upon us and each of us” and “shall not be revoked by either of us or by the survivor.” It is clear from case law preexisting the recent amendment to EPTL 13-2.1 that if a joint will expressly recites within its provisions or by a separate instrument that it cannot be altered or revoked, it is contractually binding upon the survivor (Tutunjian v Vetzigian, 229 NY 315; Schwartz v Horn, 31 NY2d 275; Swerdfeger v Swerdfeger, 4 AD2d 535; Di Lorenzo v Ciando, 80 Misc 2d 193, affd 49 AD2d 756).
The estate of the survivor under a contractually binding joint will has been classified as a life estate. “As to such property [the survivor] really took but an interest during his life with a power to use or otherwise dispose of principal, and the named beneficiaries took the interest which remained” (Rubenstein v Mueller, supra, p 233). Unquestionably, this is what the testator and testatrix had in mind in this joint will as evidenced by article fourth. The latter portion of article fourth states that “the survivor shall not be restricted in any way in his or her lifetime in the matter of a bona fide disposition or use of any property belonging to either of us.” This provision more or less tracks the above-quoted language employed in the Rubenstein case. Moreover, the absence of restrictions on “bona fide” dispositions is limited to “his or her lifetime” negating any intent to give to the survivor a testamentary power of disposition and thereby reinforcing the limited nature of the estate granted. Similarly, the first portion of article fourth excusing the “survivor” from giving any bond undoubtedly has reference to the survivor’s status as a life tenant and the normal requirement of a bond under such circumstances (SCPA 807).
Paragraph 12 of the affirmation in support of the defendant’s motion for summary judgment states that during his lifetime the decedent transferred to his wife all *733 assets individually owned by him or jointly with her. Such transfers are cited in support of the argument that the decedent intended to absolutely vest his wife with all such assets without any limitation. However, in the court’s opinion such transfers are not inconsistent with the contractually binding nature of the joint will since such joint wills normally encompass the collective property of both testators whether acquired before or after the death of the first to die, unless the instrument indicates otherwise (Rubenstein v Mueller, supra; Matter of Tricarico, 68 Misc 2d 1018; Di Lorenzo v Ciando, supra; Matter of Hassan, 98 Misc 2d 80; Matter of Wiggins, 45 AD2d 604, 607). Moreover, the last sentence of article fifth requires a writing subscribed by both testators in order to revoke their binding agreement eliminating any argument that the transfers by the decedent impliedly revoked such agreement.
Although this joint will is clearly irrevocable, to what disposition does it bind the survivor? Article third contains a disposition on the death of both to the decedent’s two daughters by a prior marriage but only on the contingency of a “common disaster”. The sole theory under which the plaintiffs may succeed is that of a gift by implication (Matter of Thall, 18 NY2d 186; cf. Matter of Imperato, 18 NY2d 825). A similar question was presented in the case of Matter of D’Allesandro (55 Misc 2d 909), where the court considered it significant that the beneficiaries named only on the contingency of a common disaster were nevertheless appointed fiduciaries without any such limitation. Here also, in article sixth, Thelma is appointed executrix upon the death of both testators and her sister Marilyn as successor if the first should fail to qualify or cease to act. As observed in the D’Allesandro case, it is inconceivable that the decedent’s daughters were named to preside over the estate of the surviving spouse for the benefit of persons not mentioned in the joint will. More importantly, it is most unlikely that this decedent and his wife would have executed a will containing elaborate contractual provisions binding each other to an ultimate disposition to his daughters in the only very remote possibility of a common disaster. A more reasonable conclusion is that the will inadvertently omitted a disposition to the two daughters on the death of the survivor.
*734 The motion for summary judgment as to the first three causes of action is granted in favor of the plaintiffs: (1) declaring the joint will contractually binding on the defendant resulting in a life interest in her in the collective property of both her and the decedent coupled with the power to consume such assets for her personal use to the exclusion of any power to make an inter vivos or testamentary disposition which would defeat the purpose of the agreement (Rubenstein v Mueller, supra, p 234; Rastetter v Hoenninger, 214 NY 66, 74; Di Lorenzo v Ciancio, supra);. (2) declaring the two plaintiffs the beneficial remainder-men of so much of the property as has not been so consumed during the defendant’s lifetime and construing such remainder as a gift by implication; (3) requiring the defendant to file an accounting at this time in her status as a life tenant of such property within 30 days of the service upon her of a certified copy of the order to be made (SCPA 2201, 103, subd 29; 10D Cox-Arenson-Medina, NY Civ Prac, pars 2201.01-2201.06).
Summary judgment as to the fourth cause of action which seeks to impress a constructive trust on such property is granted in favor of the defendant without prejudice to the institution of a renewed action should the defendant attempt to circumvent her contractual obligation by making gifts, tranfers or other dispositions which would defeat the purpose of the agreement (Tutunjian v Vetzigian, supra, p 321; Wagner v Wagner, 58 AD2d 7,12, affd 44 NY2d 780). The signing of an order will be withheld pending a conference in this matter on October 4, 1984, at 10:00 a.m. at which time all parties and their attorneys are to be present.