■ In the Matter of the Estate of MURRAY KRONEN, Also Known as MORRIS KRONEN, Deceased. ALBERT KRONEN, Appellant; MARLANE SCHREIBMAN, Respondent.—In a proceeding to construe a will, the petitioner appeals from a decree of the Surrogate's Court, Queens County (Laurino, S.), dated December 16, 1983, which determined that the will was devoid of a residuary clause or of a clause disposing of the decedent's assets in the event that his wife predeceased him, as she did, and, since the conditions regarding disposition of the estate in the event of a common disaster had not been met, ordered that the residuary of the decedent's estate be distributed by intestacy according to EPTL 4-1.1.

Decree affirmed, without costs or disbursements.

The decedent's will provided that, in the event he died before his wife, she was to receive his entire estate, except for one dollar each to his son, the petitioner, and his daughter, who were to receive only that sum "for reasons best known to" the decedent. The will also provided that in the event the decedent and his wife died in a common accident, the estate would pass to the son and daughter. The decedent appointed his wife as executor, and named no alternate.

The decedent's will therefore failed to provide for the circumstances which did occur since it contained no provision regarding the disposition of his estate in the event that his wife predeceased him. Petitioner urged that the paragraph concerning simultaneous death contained a draftsman's error, in that it should have read "In the event * * * I should die in a common accident, *or if my wife should predecease me,*" so that the estate would pass directly to the son and daughter rather than to other distributees through intestacy.

This construction cannot be accepted since the court should not rewrite a will or supply an omission not necessarily implied from the language used, even though intestacy results *(Matter of Imperato,* 18 NY2d 825). Nor can we find a gift by implication since the will contained an expression of a desire to limit the children's participation in the estate *(see, Matter of D'Alessandro,* 55 Misc 2d 909).

Finally, it cannot be said that the court erred by failing to conduct an evidentiary hearing since it is clear from the record that the matter was voluntarily submitted to the court. Lazer, J. P., Gibbons, Eiber and Kunzeman, JJ., concur.