OPINION OF THE COURT
Kaye, J.
Where the testator’s wife predeceases him, where his will is silent as to his desires in this event, and where there is no residuary clause, the residuary estate must be distributed in intestacy.
Decedent, Murray Kronen, died in 1980. He was survived by his son (petitioner, Albert Kronen), his daughter (Pearl Smith), and his granddaughter (respondent, Marlane Schreibman), who was the daughter of the decedent’s predeceased daughter (Ruth Schreibman). Decedent’s wife also predeceased him. Decedent’s will, dated November 15, 1978 included the following relevant provisions:
"second: I give * * * to my * * * wife * * * all of my earthly belongings * * *
"third: I give * * * to my daughter, pearl smith, and to my son, albert kronen, each the sum of one dollar ($1.00). I make no other provision for them for reasons best known to me.
"fourth: In the event that my wife, thelma kronen, and I should die in a common accident, then, in that event, I give * * * all of my estate to my children, pearl smith and albert kronen, to be shared equally between them.”
There was no provision covering the situation in which decedent’s wife predeceased him. Petitioner, seeking to inherit under paragraph fourth of the will (he would take Vi of the *589 net estate) rather than through intestacy (he would take Vs of the net estate), brought this construction proceeding and argued that paragraph fourth had been misdrafted and should read (bracketed material proposed by petitioner): "In the event that my wife, Thelma Kronen, and I should die in a common accident [or if my wife should predecease me], then I give all my estate to my children, Pearl Smith and Albert Kronen.”
Surrogate’s Court, Queens County, declared that decedent’s will was devoid of a residuary clause or a clause disposing of the assets should his wife predecease him, and determined that the residuary estate should be distributed in intestacy in accordance with EPTL 4-1.1. The Appellate Division unanimously affirmed, stating that petitioner’s "construction cannot be accepted since the court should not rewrite a will or supply an omission not necessarily implied from the language used even though intestacy results (Matter of Imperato, 18 NY2d 825). Nor can we find a gift by implication since the will contained an expression of a desire to limit the children’s participation in the estate (see, Matter of D’Allesandro, 55 Misc 2d 909).” After the Appellate Division denied petitioner’s motion for leave to appeal, we granted leave.
The courts below correctly concluded that Matter of Imperato (44 Misc 2d 639, revd 24 AD2d 598, revd for reasons stated by Surrogate’s Court 18 NY2d 825) controls. As in Imperato, the contingency of simultaneous death did not occur, and a court would have to rewrite decedent’s will to hold that his estate should pass to his two surviving children under paragraph fourth, rather than to decedent’s three distributees by intestacy. The courts below also correctly declined to apply the doctrine of gift by implication, which is available only in the "rare and exceptional case” where "common sense and justice require that the courts correct situations resulting from obvious error or omission in wills” (Matter of Englis, 2 NY2d 395, 402). In Imperato we refused to apply the doctrine because " 'To uphold a legacy by implication the inference from the will of the intention must be such as to leave no hesitation in the mind of the court and to permit of no other reasonable inference’ ” (44 Misc 2d, at p 642, quoting Bradhurst v Field, 135 NY 564, 568). Here, as in Imperato, the language of the will does not compel the conclusion that decedent intended petitioner to take under the will in these circumstances.
*590 Similarly distinguishable is Matter of Bellows (103 AD2d 594, affd 65 NY2d 906). In her will, decedent had established a trust, with the income payable to her husband and children and, upon each child’s death, a portion of the principal payable to that child’s children. Although decedent had failed to anticipate that the last of her three children would die childless, invoking the doctrine of gift by implication we held that the trust principal at issue should be distributed to the children of the other two deceased income beneficiaries (decedent’s grandchildren) rather than to the husband’s relatives through intestacy. The provisions of the will, an elaborate document establishing three trusts and covering numerous contingencies, expressed a "clear intent * * * to dispose of [the] entire estate and not to have any portion fall into intestacy, and * * * to benefit [decedent’s] direct blood descendants only” (103 AD2d, at p 600). Language in the will established that decedent did not wish to leave her husband, whose relatives would take through intestacy, anything other than limited trust income during his lifetime. No similar expression is contained in the will before us.
Matter of D’Allesandro (55 Misc 2d 909, supra) and Margulis v Teichman (125 Misc 2d 729, rearg denied 127 Misc 2d 168), relied on by petitioner, conflict with Imperato and should not be followed. As in Imperato, in both cases individuals were to inherit under a joint will in the event of simultaneous death of joint testators, simultaneous death did not occur, and the wills did not provide for one joint testator surviving the other. The wills lacked statements that no provision was made for the individuals who would benefit from intestacy (see, Matter of Kajkowski, 13 AD2d 994, and Matter of Reichstein, 78 Misc 2d 787). Both courts concluded that, whereas in Imperato the individuals who would benefit from a gift by implication were named as executors only in the event that the joint testators died in a common disaster, in D’Allesandro and Margulis the individuals who would benefit from the doctrine were named as executors without limitation. That a person is appointed executor, however, does not mean that that person is to take under the will in the event of a contingency for which the will does not provide. Moreover, Imperato rejected the assumption articulated in Margulis, that a testator who accounted for a relatively unlikely event (such as simultaneous death) must have inadvertently omitted disposition of property under more likely contingencies.
*591 Accordingly, the order of the Appellate Division should be affirmed, with costs.
Chief Judge Wachtler and Judges Meyer, Simons, Alexander, Titone and Hancock, Jr., concur.
On review of submissions pursuant to section 500.4 of the Rules of the Court of Appeals (22 NYCRR 500.4), order affirmed, with costs.