■ In the Matter of the Estate of DOROTHY RUTHERFORD, Deceased. VIOLA GRAVES, Appellant; JOSEPH ALLEYNE, Respondent.—In a will construction proceeding, the petitioner appeals from a decree of the Surrogate's Court, Queens County (Laurino, S.), dated February 27, 1986, which, *inter alia,* invalidated the will of the decedent Dorothy Rutherford,

determined that intestacy resulted, and denied the petitioner's application to impose a constructive trust.

Ordered that the decree is affirmed, without costs or disbursements.

In 1981, the decedent and her husband executed a joint will leaving all of their property to each other and appointing each other executor and executrix, respectively. The will further provided that in the event of a common disaster, both of their estates would pass to the petitioner, Viola Graves, and one Billy Harris, who, in that event, would also serve as executrix and executor, respectively, of the estate. There was no provision governing the disposition of the estate of the survivor if death was not simultaneous.

The decedent died in 1984, her husband and the aforementioned Billy Harris having predeceased her. Her sole surviving relative and intestate distributee was a half brother, the respondent herein.

The petitioner instituted this will construction proceeding, arguing that the decedent intended that the petitioner inherit the estate, but because of the attorney's drafting error, the will contained no provision therefor. The petitioner thus sought a construction of the will which would effectuate the decedent's purported wishes, or, alternatively, requested that a constructive trust be imposed on the estate's assets. The Surrogate held that the estate must be distributed in intestacy, and denied the petitioner's application in its entirety. We affirm.

A court may not rewrite a will "in order to give effect to an intention which possibly the testator may have had but which is not revealed by the language used in the will" (*Matter of Nelson,* 268 NY 255, 258; *Matter of Imperato,* 44 Misc 2d 639, 641, *revd* 24 AD2d 598, *revd for reasons stated by Surrogate's Court* 18 NY2d 825; *see, Matter of Kronen,* 114 AD2d 1033, *affd* 67 NY2d 587). For the same reason, a gift by implication cannot arise, since "the language of the will does not compel the conclusion that [the] decedent intended [the] petitioner to take under the will in these circumstances" (*Matter of Kronen,* 67 NY2d 587, 589, *supra; see, Matter of Thall,* 18 NY2d 186).

Nor has the petitioner established grounds which would warrant the imposition of a constructive trust (*cf. Sharp v Kosmalski,* 40 NY2d 119; *Ladone v Ladone,* 121 AD2d 512). As the Surrogate noted, "[a] constructive trust is a 'fraud-rectifying' trust rather than an 'intent-enforcing' trust" (*Matter of*

*Wells,* 36 AD2d 471, 474, *affd* 29 NY2d 931, quoting from *Saulia v Saulia,* 31 AD2d 640, *mod on other grounds* 25 NY2d 80; Bogert, Trusts & Trustees § 471, at 7 [2d ed]). Thompson, J. P., Niehoff, Rubin and Eiber, JJ., concur.