OPINION OF THE COURT
C. Raymond Radican, J.
The will of the testatrix provided that the rest, residue and remainder of her estate be disposed in the following manner. She bequeathed 5% to each of 11 named beneficiaries, and 10% to two other persons leaving 25% of her estate undistrib *999 uted. Furthermore, four of the beneficiaries to whom she left a 5% share predeceased her.
In this construction proceeding (SCPA 1420 [1]), the executrix requests that the 25% of the residuary estate that is not disposed of be ratably distributed to the surviving beneficiaries. The construction sought by petitioner is an implementation of EPTL 3-3.4 which provides that whenever a testamentary disposition of property to two or more residuary beneficiaries is ineffective in part, such ineffective part shall pass to and vest in the remaining residuary beneficiaries or, if there are two or more remaining beneficiaries, in such beneficiaries ratably, in the proportion that their respective interests in the residuary estate bear to the aggregate of the interests of all residuary beneficiaries in such residuary estate.
EPTL 3-3.4 takes effect when the antilapse statute (§ 3-3.3) has no application to the ineffective disposition, and in the absence of an alternative disposition in the will. Here, the surviving distributees of the testatrix were all first cousins so that EPTL 3-3.3 is inapplicable and the testatrix made no substitutional disposition in case a beneficiary predeceased her. The share of the four legatees who predeceased the testatrix therefore lapsed. As to these lapsed legacies, EPTL 3-3.4 comes into play. However, that same section applies only to ineffective dispositions and the question presented is does it also have application in situations where no disposition whatever is made of part of the residuary estate.
One of the salutary purposes of EPTL 3-3.4 is to avoid intestacy, a result not favored in the law (Matter of Jones, 38 NY2d 189, 194). A rule of construction commonly applied to wills containing a residuary clause is that the clause manifests an intention on the testator’s part to make a complete disposition of his estate and to avoid intestacy as to any portion thereof. Additionally, there is no evidence that the testatrix had any intention of benefitting her relatives who would take in intestacy. There is no language or provision in the will from which an intent can be ascribed to the testatrix to prefer her blood relatives over nondistributees. The opposite would appear to be true. The will makes no provision for five of her eight distributees (first cousins), and leaves only 5% to each of the three distributees mentioned in the will.
The foregoing factors provide circumstances that favor the application of EPTL 3-3.4. However, the problem presented obviously does not involve an ineffective disposition with *1000 which that statute is concerned. The difficulty here is that the testatrix did not make a complete distribution of her estate. She left 25% of the residuary undistributed. It is not the function of the court to rewrite her will (Herzog v Title Guar. & Trust Co., 177 NY 86, 92), and were the court to do so by directing that the undisposed-of residuary estate be shared by the remaining beneficiaries, the effect would be the equivalent of directing a gift by implication (see, Matter of Bellows, 65 NY2d 906, affg 103 AD2d 594). That doctrine is available only in rare and exceptional circumstances where the inference of the intention to make such gift can be reached unhesitatingly, and the will permits no other reasonable inference (Matter of Kronen, 67 NY2d 587, 589; Matter of Imparato, 18 NY2d 825, revg 24 AD2d 598, revg 44 Misc 2d 639).
The testatrix’ will contains no language compelling the conclusion that she intended her named residuary beneficiaries to share the 25% she left undistributed. To direct such a disposition might appear to be a desirable solution. That, however, is the prerogative of the testatrix and not the court. The testatrix not having made such disposition, she is deemed to have died intestate as to that part of her estate.
The peculiar facts of this case, consequently, give rise to a hybrid solution. The four lapsed legacies, amounting to 20% of the estate, are distributable ratably pursuant to EPTL 3-3.4 among the surviving beneficiaries; seven of whom are each entitled to 6.8181% of the estate and two (Muriel S. Rooney and Richard Shannon) who are each entitled to a 13.6362% share. The remaining 25% of the residuary estate shall be distributed equally among the surviving six first cousins of the testatrix, who each receive a 4.166% share.
Lastly, the court agrees with petitioner that each of the first named beneficiaries are each entitled to a 5% interest, and the two following beneficiaries to 10% each. The will manifests the intention of the testatrix to give each of the respective beneficiaries the specified percentage of the residuary, and the language employed dispells a finding that all of the first group were to share 5% between them, and the others to share a 10% interest.
The petition is granted to the extent indicated.