In the Matter of the Estate of GEORGE T. STANDISH, II, Deceased. DAVID G. STANDISH, Appellant; GEORGE T. STANDISH, III, as Executor of GEORGE T. STANDISH, II, Deceased, Respondent. (Appeal No. 1.) [771 NYS2d 410]—Appeal from an order of the Surrogate's Court, Ontario County (Frederick G. Reed, S.), entered April 4, 2003 in a proceeding pursuant to SCPA 1420. The order denied the petition for construction of decedent's will.

Appeal from an amended order of the Surrogate's Court, Ontario County (Frederick G. Reed, S.), entered April 8, 2003 in a proceeding pursuant to SCPA 1420. The amended order denied the petition for construction of decedent's will.

It is hereby ordered that the amended order so appealed from be and the same hereby is unanimously reversed on the law without costs and the petition is granted.

Memorandum: Surrogate's Court erred in denying the petition seeking a determination that the residuary estate of petitioner's father be distributed under the laws of intestacy. Petitioner is one of decedent's three sons from decedent's first

marriage. By his will, decedent devised all of his property to his second wife and further provided therein that, if he and his wife died at the same time, the estate would pass to their two sons. The will was silent with respect to the intent of decedent in distributing his estate in the event that his second wife predeceased him. Decedent's second wife thereafter predeceased decedent. In support of the relief sought, petitioner contended that, because decedent failed to provide for such contingency, the residuary estate should pass through intestacy. Respondent, the executor of decedent's estate and one of decedent's two sons from decedent's second marriage, contended that the court should find a gift by implication, thereby interpreting the paragraph concerning simultaneous death as including the phrase "or if my wife should predecease me," in which event the estate would pass directly to respondent and his brother.

A gift by implication is warranted "only in the 'rare and exceptional case' where 'common sense and justice require that the courts correct situations resulting from obvious error or omission in wills' " (*Matter of Kronen*, 67 NY2d 587, 589 [1986], quoting *Matter of Englis*, 2 NY2d 395, 402 [1957]; *cf. Matter of Bieley*, 91 NY2d 520). This is not one of those rare and exceptional cases, and thus we conclude that the court erred in finding a gift by implication (*see Kronen*, 67 NY2d at 589; *see also Matter of Fitzgerald*, 136 AD2d 932 [1988], *appeal dismissed* 73 NY2d 871 [1989]). Present—Pine, J.P., Wisner, Scudder, Kehoe and Hayes, JJ.