OPINION OF THE COURT
John A. Fusco, S.
This is a proceeding for the judicial construction of the last will and testament of Richard Anselmo, who died a domiciliary of Richmond County on December 5, 2003.
*594 Decedent’s last will and testament, dated September 15, 1979, was duly admitted to probate by this court on July 2, 2004, and letters testamentary were issued to Charles Grotto, the son of the spouse of the deceased, who continues in that office to date.
In this proceeding, the distributees of the deceased, brothers and the son of a predeceased brother of the decedent, petition for the construction of the subject last will and testament. A hearing was required to determine this issue, and said hearing was conducted on November 29, 2005. At that time both sides rested, with the understanding that posthearing submissions were to be filed with the court, on notice, by March 1, 2006. With the filing of posthearing submissions, the matter was submitted to the court for decision.
Specifically, the petitioners seek the court’s construction of the import of article fifth of the decedent’s will. That paragraph reads: “fifth: In the event that my wife, marie, and I die simultaneously or we die within 60 days of each other, I give, bequeath and devise all my property as aforesaid to my wife’s SOn, CHARLES. GROTTO, [sic].”
Charles Grotto, the executor appointed herein, the son of the spouse of the testator, and the respondent to this petition, asserts article fifth of the will must be read in conjunction with articles fourth and sixth of the document, to determine the intention of Richard Anselmo. These paragraphs read as follows:
“fourth: I give, bequeath, and devise in complete and perfect ownership all my rights and property of every kind and nature, whether real, personal, or mixed, wherever situated, that I may now own or hereafter acquire to my wife, marie . . .
“sixth: I hereby nominate, constitute and appoint my wife, marie, as executrix under this, my last will and testament, with the same full power to sell, lease, mortgage or convey any real property of which I may die seized or possessedas [szc] I might exercise were I alive and acting personally. In the event that she is unable or unwilling to act as executrix I appoint her son, charles, as executor.”
A review of the entire will discloses the testator did not mention his distributees in any fashion. It also discloses the decedent nominated his wife’s son, Charles Grotto, to act as successor or alternate executor should the testator’s spouse be unable or unwilling to act, without any other condition or requirement.
*595 Although the will provides for the disposition of the decedent’s estate following the simultaneous death of the testator and his spouse, or upon their death within 60 days of each other, the will fails to make any provision for the distribution of Richard Anselmo’s estate if his wife predeceased him by more than 60 days.
Marie Anselmo, the spouse of Richard Anselmo, died September 24, 2003. She predeceased her husband, the testator, by 72 days.
The distributees of the testator argue for a strict interpretation of the text of article fifth of the will. As Marie and Richard Anselmo did not die within 60 days of each other, and the will makes no explicit provision for the set of facts which actually did come to pass (Marie Anselmo’s demise 72 days before the death of her husband), they argue the testator’s estate should pass to them in intestacy.
Charles Grotto, the testator’s stepson, contends the will, when read as a whole, clearly expresses the deceased’s intent to bequeath to him all of Richard Anselmo’s estate, in the event the testator’s spouse failed to survive her husband.
It is well established that the intent of the testator must be the overriding consideration in determining the import of the terms of the testator’s will. It is also well established that the intent of the testator must be gleaned not from a single word or phrase, but from a sympathetic reading of the will in its entirety, and in view of all the facts and circumstances under which the provisions of the will were framed. (Matter of Fabbri, 2 NY2d 236 [1957]; Matter of Larkin, 9 NY2d 88 [1961].) Intestacy will be avoided if at all possible. (Matter of McGowan, 134 Misc 409 [Sur Ct, Kings County 1929].) The strong presumption against intestacy is particularly weighty where the subject of the gift is the residuary estate. (Matter of Hayes, 263 NY 219 [1934]; Matter of Nurse, 35 NY2d 381 [1974]; Matter of Birdsell, 271 App Div 90 [3d Dept 1946].) Lack of ambiguous language does not necessarily preclude finding a sufficiently clear indication within the will of an intended gift by implication, with the desirable result of avoiding intestacy. (Matter of D’Allesandro, 55 Misc 2d 909 [Sur Ct, Kings County 1968].)
Also, the failure to mention distributees within the will may well be looked upon as a case of disinheritance. (Matter of D’Allesandro, supra.)
Here, the court finds that the combination of the naming of Charles Grotto to act as alternate executor, whether the testa *596 tor and his spouse died simultaneously, or within 60 days of each other, or not, the bequest to Charles in the event the testator and his wife died simultaneously or within 60 days of each other, and the failure of the will to mention the testator’s distributees in any fashion, shows, by implication, it was the testator’s intention to bequeath his residuary estate to his spouse’s son, should his wife fail to survive him. This conclusion is bolstered by the strong presumption against an intended intestate distribution under a will. It cannot be credibly argued that the deceased, after going through the effort of creating a will, intended that his wife’s son act as executor under all circumstances should his spouse not be so serving, only to have that fiduciary preside over an also intended intestate distribution of his residuary estate to distributees not mentioned in the document.
After consideration of all the papers submitted upon these issues, in light of the identified principles of construction and all of the above, the court hereby determines the clear intent of the testator was, in the event he was not survived by his wife, to have his estate pass to his stepson, Charles Grotto, the person the testator named as alternate executor of his estate.