In a probate proceeding in which Dorothy Perry Cincotta, as executor of the Estate of Dominick Cincotta, petitioned to settle her account, the petitioner appeals, as limited by her brief, from so much of an order of the Surrogate’s Court, Queens County (Kelly, S.), dated May 4, 2012, as denied that branch of her motion which was, in effect, for a construction of the decdent’s will which would bequeath two notes secured by mortgages to her personally.
Ordered that the order is affirmed insofar as appealed from, with costs.
“ ‘[TJestamentary instruments are strictly construed so as to give full effect to the testator’s clear intent’ ” (Matter of Murray, 84 AD3d 106, 113 [2011], quoting Matter of Covert, 97 NY2d 68, 74 [2001]). The testator’s intent “must be gleaned not from a single word or phrase but from a sympathetic reading of the will as an entirety and in view of all the facts and circumstances under which the provisions of the will were framed” (Matter of Fabbri, 2 NY2d 236, 240 [1957]; see Matter of Murray, 84 AD3d at 113; Matter of Brignole, 32 AD3d 538 [2006]; Matter of Ramdin, 11 AD3d 698, 699 [2004]). A court, however, “may not rewrite a will ‘in order to give effect to an intention which possibly the testator may have had but which is not revealed by the language used in the will’ ” (Matter of Rutherford, 125 AD2d 312, 313 [1986], quoting Matter of Nelson, 268 NY 255, 258 [1935]).
Here, as the Surrogate’s Court properly recognized, notes secured by mortgages are generally construed to be personal property (see Singh v Becher, 249 AD2d 154 [1998]; Matter of Caperonis, 95 Misc 2d 690, 695 [1978]; see also EPTL 13-1.1 [a] [7]), and there is nothing in the language of the decedent’s will that manifests an intent to include the subject notes within the clause devising his “interests in real property” to the petitioner. The construction suggested by the petitioner cannot be accepted since the court should not rewrite a will or supply an omission not necessarily implied by the language used, even though intestacy with respect to a particular asset results (see Matter of Gautier, 3 NY2d 502 [1957]; Matter of Rutherford, 125 AD2d at 313; Matter of Kronen, 114 AD2d 1033 [1985], affd 67 NY2d 587 [1986]; Matter of Imperato, 44 Misc 2d 639 [1964], revd 24 AD2d 598 [1965], revd for reasons stated by Surrogate’s Court 18 NY2d 825 [1966]).
*999 The Surrogate’s Court therefore properly denied that branch of the petitioner’s motion which was, in effect, for a construction of the decedent’s will which would bequeath the subject notes secured by mortgages to her personally. Mastro, J.P., Leventhal, Sgroi and Miller, JJ., concur.