Peradotto and Lindley, JJ.
(dissenting). We respectfully dissent. In our view, Surrogate’s Court properly determined that the language of decedent’s will is clear and unambiguous, and that the will must therefore be enforced according to its terms. We would thus affirm the decree in appeal No. 2. It is well settled that “testamentary instruments are strictly construed so as to give full effect to the testator’s clear intent” (Matter of Covert, 97 NY2d 68, 74 [2001]; see Matter of Murray, 84 AD3d 106, 113 [2011], lv denied 18 NY3d 874 [2012]), and that the best evidence of the testator’s intent is found in the clear and unambiguous language of the will itself (see Matter of Walker, 64 NY2d 354, 357-358 [1985]; Matter of Cord, 58 NY2d 539, 544 [1983], rearg denied 60 NY2d 586 [1983]). Although the testator’s intent “must be gleaned not from a single word or phrase but from a sympathetic reading of the will as an entirety and in view of all the facts and circumstances under which the provisions of the will were framed” (Matter of Fabbri, 2 NY2d 236, 240 [1957]; see Matter of Brignole, 32 AD3d 538, 538-539 [2006]), a court “may not rewrite a will ‘in order to give effect to an intention which possibly the testator may have had but which is not revealed by the language used in the will’ ” (Matter of Rutherford, 125 AD2d 312, 313 [1986], quoting Matter of Nelson, 268 NY 255, 258 [1935]; see Matter of Cincotta, 106 AD3d 998, 998 [2013], lv denied 22 NY3d 857 [2013]).
Here, unlike the majority, we perceive no conflict between article v (B) of decedent’s will and article VII (E). Article v (B) provides, inter alia, that the trust “beneficiary[, i.e., Sally Baumann,] shall retain no right to receive the trust principal or *922 to have my Trustee distribute the trust principal to the beneficiary for her benefit or her estate,” and that, upon Baumann’s death, the “remaining trust property” shall be distributed in equal shares to decedent’s grandchildren, i.e., the objectantsappellants herein (hereafter, grandchildren). Article VII (E) provides that, if the Trustee terminates the trust because it is uneconomical, the assets of the trust shall be given to “the current income beneficiary[, i.e., Baumann,] or beneficiaries in the proportions in which they are entitled to the income therefrom.”
The two articles may be read in harmony as providing that, if the trust exists upon Baumann’s death, the trust principal shall go to the grandchildren, but that the principal shall go to Baumann if the trust is terminated as uneconomical while Baumann is still alive. We thus agree with the Surrogate that a “plain reading of the Will compels a logical progression that once the Trust is collapsed, the prohibition against principal distributions is no longer operable and the corpus on hand is payable to the Beneficiary.”
In our view, the conclusion reached by the majority is premised on the unstated assumption that decedent made a mistake in his will, and that he did not intend for Baumann to receive the trust proceeds upon termination of the trust as uneconomical, as clearly and unambiguously provided for in article VII (E). We agree with the Surrogate that the principles set forth in Wright v Wright (118 NYS 994, 996 [1909], affd 140 App Div 634 [1910]) apply to this case, i.e., that a “court should not read into a man’s will language which he did not use, or so construe it that his intention, as expressed in the will, will be thwarted, and the court cannot devise a new scheme for a testator or make a new will.”
Present — Smith, J.P., Peradotto, Lindley, Sconiers and Whalen, JJ.