Joseph A. Cox, S.
In this accounting proceeding there is raised the question of the construction and effect of paragraph Fifth of the will which reads as follows: “ In order that I may not die intestate as to any of my property, or the above mentioned gifts not exhaust my estate, or should any of the legacies set forth above lapse, any such residue and remainder of my estate shall be divided into 107 equal shares or parts, which shall be disposed of as follows: ”. Then follows a list of 13 beneficiaries with various fractional shares. The sum of all the fractional shares is 102 and not 107 as set forth in paragraph Fifth.
To divide the estate into 107 parts would.create intestacy as to 5/107ths, The executors contend that the testatrix intended, in view of the language of the will, to. dispose of her entire estate and that the figure “ 107 ” is either a typographical error, or a mistake in addition. . The court shares this belief and holds that the estate shall be divided into 102 fractional shares (Matter of Menick, 124 N. Y. S. 2d 573, 575 ; Matter of Perloff, 133 N. Y. S. *631 2d 199, 202 ; Matter of Rosenthal, N. Y. L. J., May 4, 1954, p. 7, col. 7, Frankenthaler, S.).
Income commissions are to be recomputed at 2%%> for receiving and paying inasmuch as, for the' purpose of commission computations, income must be treated as if it were an additional principal asset.