Otto 0. Jaeger, S.
In this proceeding to settle the trustee’s account, petitioner requests a construction of the will.
In paragraph “sixth” thereof, the testator devised and bequeathed his residuary estate in trust and directed the trustee *791 to pay or apply the income to the use of his son, Neil, for life. Upon the death of Neil, the trustee is directed to divide the principal into equal shares, to distribute one share to the surviving descendants of each of Neil’s deceased children per stirpes, and to hold in further trust one share for the benefit of each of Neil’s surviving children. Each grandchild of the testator is given a testamentary power of appointment over the remainder of the trust for his benefit and, in default of appointment, the remainder of each secondary trust is payable to those persons who would be the grandchild’s intestate distributees if the grandchild died a resident of New York and without having been married.
In paragraph “ eighth ” the testator provided: “eighth: In the event that my son, Neil, shall predecease me without leaving issue surviving me, then and in said event I give, devise and bequeath all my residuary estate described in paragraph marked sixth hereof to my niece, Pearl Margaret Sanders, presently residing in Albuquerque (Route #1, Box 888), New Mexico, provided that she survive me, and if not, then to her issue, and if more than one, then in equal shares to such issue, by stirpes and not per capita.”
The testator was survived by his son, Neil, who has since died without issue. He was the only child and sole distributee of the testator. Upon his death the trust for his benefit terminated and it has now become necessary to construe the will in order to determine to whom the remainder is payable. Either it is payable to the niece named in paragraph “eighth ”, or it is payable as intestate property to the executrix of the son’s estate.
The testator made express provision in paragraph “ sixth ” for the continuance of the trust and the disposition of the trust remainder in the event that his son survived him and died leaving issue. In paragraph ‘ ‘ eighth ’ ’ he expressly bequeathed the residue and remainder of his estate 11 described in paragraph marked sixth hereof” to his niece or to her issue per stirpes in the event that his son predeceased him without leaving issue. He failed, however, to expressly provide for the ultimate disposition of the property in the event that his son survived him and died without issue — the contingency which in fact occurred.
At the time of the execution of the will, testator’s son was married to his second wife but was separated from her. He had left his father’s home where he had lived with his wife and had moved to Florida. The wife had continued to reside with the testator. There were no issue of the marriage. The son’s first marriage had ended in divorce and without issue.
*792 In these circumstances it is most improbable that the testator failed to foresee that his son might survive him and die without issue. Yet he failed to expressly provide for that contingency. There are only two possible explanations for that failure. Either he intended that in such event the trust remainder should pass in intestacy to his son’s estate, or he intended that it should pass to his niece or her issue and believed that his will adequately expressed that intention. The court is convinced that the latter alternative is the correct one.
There is, of course, a strong presumption against partial intestacy. That presumption is particularly forceful when, as here, the subject matter constitutes the major portion of the estate (Matter of Hayes, 263 N. Y. 219; Hadcox v. Cody, 213 N. Y. 570). In numerous decisions the courts have held that a construction which results in intestacy as to any part of an estate is to be avoided if reasonably possible (Matter of Hayes, supra; Matter of Birdsell, 271 App. Div. 90, affd. 296 N. Y. 840; Matter of Nield, 42 Misc 2d 1010).
The will in question is a nine-page instrument of detailed testamentary directions. After a number of specific bequests and general legacies, it expressly provides for a complete disposition of the residuary in every circumstance except the one which occurred. Despite the absence of express language applicable to this single contingency, it discloses a positive intention to dispose of the entire estate and not to die intestate as to any part thereof.
The testator wished his niece to .receive the property “ described in paragraph marked sixth ” (the same property as was bequeathed in trust for the son) if his son predeceased him without issue. That intention is clearly expressed and is indisputable. It is difficult to believe that he would intend a different ultimate disposition should his son survive bim and die thereafter without issue. No plausible explanation has been suggested for such a deviation in intention and the court is unable to discern one. If, however, he did intend a different ultimate disposition in the latter contingency, one would expect to find in the will some affirmative indication of that intention. Testator’s failure to name a different beneficiary in the contingency which occurred evidences a consistent purpose to benefit his niece rather than a desire to benefit his son’s estate.
It is noteworthy that the will contains no provision for an invasion of trust principal for the son’s benefit and no power of appointment is conferred on him in any event. The conclusion to be drawn is that the testator intended to limit his son to an income interest only and to deny to him any other interest or *793 power over the property. This intention would be frustrated were the court to hold that the.property passes to the son’s estate.
“ The first rule of testamentary construction, of course, is that a will be interpreted to reflect the actual intention of the testator and the second that this intention be ascertained from a reading of the document as a whole. (See, e.g., Matter of Dammann, 12 N Y 2d 500, 504-505; Matter of Larkin, 9 N Y 2d 88, 91; Mater of Fabbri, 2 N Y 2d 236, 240; Williams v. Jones, 166 N. Y. 522, 532-533.) If a ‘ general scheme ’ be found, it is the duty of the courts to carry out the testator’s purpose, notwithstanding that ‘ general rules of interpretation ’ might point to a different result. (Williams v. Jones, 166 N. Y. 522, 533, supra.)
“ Corollary to these broad principles is the doctrine that a court may ‘ give effect to an intention or purpose, indicated by implication, where the express language of the entire will manifests such an intention or purpose ’ and the testator has simply neglected to provide for the exact contingency which occurred. (Matter of Selner, 261 App. Div. 618, 620, affd. 287 N. Y. 664; see, also, Matter of Gulbenkian, 9 N Y 2d 363, 370; Close v. Farmers’ Loan & Trust Co., 195 N. Y. 92, 100; Masterson v. Townshend, 123 N. Y. 458, 462.) As the Appellate Division wrote in the Selner case (261 App. Div., at pp. 620-621, supra), If * * * the property or estate claimed to be bequeathed or devised by implication, in a contingency which has occurred, has been made the subject of an express bequest or devise in another contingency, which did not occur, then effect may be given to such bequest or devise by implication, in the contingency which did occur, if a reading of the entire will makes manifest that such was the intention of the testator. ’ ” (Matter of Thall, 18 N Y 2d 186, 192-193.)
There is no doubt in the mind of the court, after a sympathetic reading of the will as a whole, that testator intended to give to his niece the property in question except to the extent that he had otherwise effectively disposed of it in paragraph “ sixth The expressed intention to benefit the niece in the event that the son predeceased him without issue, strongly implies an intention to accomplish a like result upon the termination of the trust if his son survived him but died without issue. Following the principles enunciated in Matter of Thall (supra), and the cases cited therein, the court will give effect to that implied intention despite the absence of explicit language in the will.