■ In the Matter of the Estate of MARY A. KOELLNER, Deceased. FRANK W. PROKOP, as Administrator of the Estate of MARY A. KOELLNER, Deceased, Appellant; MARY P. DONADIO et al., Respondents.—Mahoney, P. J. Appeal from a decree of the Surrogate's Court of Schenectady County (Severson, S.), entered July 29, 1985, which, inter alia, adjudged that decedent's estate should pass by intestate succession.

In 1962, Mary A. Koellner and George J. Koellner, wife and husband, executed a joint and mutual will. The will, after directing payment of debts, provided:

"Second: We give devise and bequeath unto the surviving husband or wife our entire Estate both Real and Personal of which we die seized of.

"Third: In the event we are killed in a common disaster or accident then we give our entire Estate * * * to Mary Donadio Cousin of Mary A. Koellner * * *

"Lastly, We hereby appoint surviving husband or wife executor of this our last Will and Testament".
The will did not contain a residuary clause.

George J. Koellner died July 24, 1982. Mary A. Koellner (hereinafter decedent) died shortly thereafter on August 8, 1982. The will was admitted to probate in decedent's estate on June 20, 1983 and letters of administration with the will annexed (c.t.a.) were issued to petitioner. The petition for probate listed decedent's distributees as three living cousins (one of whom was Mary Prokop Donadio) and two residents of

Czechoslovakia whose whereabouts are unknown. A guardian ad litem was appointed for Mary Donadio who is confined to a nursing home. The Attorney-General was made a party to the proceeding to protect the interest of the foreign distributees.

Petitioner, administrator c.t.a., applied for a construction of decedent's will. At the hearing, petitioner, joined by the guardian ad litem for Mary Donadio, urged a construction of the will that would pass the entire residuary estate to Mary Donadio as a gift by implication. The other two first cousins, joined by the Attorney-General as guardian ad litem of the foreign distributees, argued that since the will did not contain a residuary clause and, further, since there was no simultaneous death that triggered paragraph "Third" of the will, there could not be any gift by implication. Surrogate's Court denied petitioner's offer of extrinsic proof to justify a gift by implication and dismissed the petition. This appeal ensued.

We affirm. Since the provisions of the will's third paragraph are clear and unambiguous, extrinsic evidence may not be used (see, Matter of Walker, 64 NY2d 354, 358; Matter of Cord, 58 NY2d 539, 544). Further, extrinsic evidence may not be used to show that a provision, herein a residuary clause, was inadvertently omitted from a will (see, 39 NY Jur 2d, Decedents' Estates, § 699, at 228-229). Consequently, Surrogate's Court was correct in refusing to accept such an offer of proof.

Next, we also concur with the conclusion of Surrogate's Court that the assets of decedent's estate should not pass to Mary Donadio as a gift by implication. There are situations where a reading of the entire will reveals that the testator intended to dispose of his property in a certain way, but through error or omission failed to provide for the specific contingency which occurred (see, Matter of Bellows, 103 AD2d 594, 597-598, affd 65 NY2d 906). Under such circumstances, "common sense and justice" may require a court to remedy the testator's oversight by finding a gift by implication (see, Matter of Englis, 2 NY2d 395, 402). However, gifts by implication are not favored (Matter of Bellamore, 17 AD2d 372, 376). Such gifts are only "sustainable where there is such a strong probability of an intention to give the gift that a contrary intention cannot be supposed" (Matter of Bellows, supra, p 598). No gift by implication may be found if the will reveals two possible intentions. Here, it is clear that decedent and her husband intended that Mary Donadio was to be their beneficiary only if they died in a common accident or disaster, with the survivor to make the ultimate disposition of their property at a later date. The Surrogate's Court was correct in dismiss-

ing the petition and ordering that the estate be distributed as in intestacy pursuant to the provisions of EPTL 4-1.1.

Decree affirmed, without costs. Mahoney, P. J., Kane, Casey and Levine, JJ., concur.