OPINION OF THE COURT
 

 Levine, J.
 

 In this proceeding to construe a will, we must decide whether a clause, directing that the testatrix’ residuary estate was to be held in trust for the life of her mother, if her mother survived her, and upon her mother’s death distributed to two named beneficiaries or their descendants, can be given effect where the life beneficiary predeceased the testatrix and the will contained no express direction for an alternative distribution of the residuary estate.
 

 I.
 

 By will executed on June 12, 1986, the testatrix, Sally L. Bieley, made certain detailed bequests, namely, an original portrait, an automobile, other personal property and a fixed sum of money, to one cousin, Gloria Evans, and several friends. Testatrix’ residuary estate was to be placed in trust for the life of her mother and, upon her mother’s death, the principal was to be divided equally between two named beneficiaries or to
 
 *523
 
 their descendants, in the event either of the named remainder-persons predeceased her. Specifically, the residuary clause provided:
 

 “fourth:
 
 All the rest, residue and remainder of my estate,
 
 real personal or otherwise and wheresoever situate, including any lapsed legacies or bequests,
 
 hereinafter called my residuary estate,
 
 shall be disposed of as follows:
 

 “(a)
 
 If my mother, fannie bieley, shall survive me, I give, devise and bequeath my entire residuary estate
 
 to my Executor and Trustee hereinafter named, in trust, to apply so much of the income therefrom
 
 to the support and maintenance of my said mother
 
 as my Executor and Trustee, in her absolute discretion, deems necessary or advisable, accumulating any balance of the income and adding the same to principal.
 
 *
 
 * *
 

 “(b)
 
 Upon the death of my said mother,
 
 the then principal shall then be paid over absolutely in equal shares to such of
 
 maby m. schwenk and doreen gloria mcintosh
 
 as shall survive me and to the descendants of such as them as may predecease me, per stirpes” (emphasis supplied).
 

 Fannie Bieley died on July 12, 1989, predeceasing her daughter. Following the testatrix’ death on April 3, 1995, petitioner Dausey, executor and the beneficiary of certain personal property and household effects, applied to Surrogate’s Court for the will’s probate. In a written report which interposed no opposition to petitioner’s application, the Public Administrator of New York County noted, however, that “[n]o disposition of the residuary estate appears to have been provided for in the event that [the testatrix’] mother predeceases, which she in fact did,” and recommended that the court “restrict distribution of the residuary estate until a construction of the will, on notice to all interested parties,” had been completed. The Surrogate subsequently admitted the will by decree, but prohibited distribution of the residuary estate pending a determination as to the construction of article fourth.
 

 Petitioner sought such a determination pursuant to SCPA 1420, contending that the testatrix’ intent, under subpart (a), was to create a life estate for her mother, but only if her mother survived her, and that the principal of the testamentary trust
 
 *524
 
 was to be paid over to the named beneficiaries upon her own death in the event her mother predeceased her. Petitioner supported this construction by noting that the testatrix, having left behind no spouse, parent, grandparent, sibling or child, had close personal ties with both of the remainderpersons named in article fourth subpart (b): Ms. Schwenk had been Sally Bieley’s secretary and confidante during her professional career, and a personal friend thereafter; Ms. McIntosh had cared for the testatrix’ mother over a period of many years.
 

 Respondent Orans, a first cousin and intestate distributee, filed an answer to the petition, alleging that article fourth subpart (a) created a trust if and only if the testatrix’ mother survived the testatrix and, thus, any remainder interest in the principal of the trust was contingent upon the mother’s survival — the failure of which destroyed that interest. Consequently, respondent asserted that because the residuary estate had not been properly disposed of in the will, it should be distributed according to the law governing intestate succession (see, EPTL 4-1.1) to the testatrix’ next of kin, six first cousins — descendants of predeceased uncles or aunts — with whom the testatrix had virtually no contact.
 
 [1]
 

 The Surrogate, relying, in part, on extrinsic evidence (i.e., notes and an affidavit submitted by the attorney-draftsperson), concluded that the attempted creation of a testamentary trust under article fourth subpart (a) did not serve to defeat distribution of the residuary estate to the two named beneficiaries under subpart (b), since the latter paragraph “clearly express [ed] the intention” that the residuary estate “be distributed * * * upon the death of [the testatrix’] mother * * * whenever that should occur.” The Appellate Division affirmed (239 AD2d 280), and granted respondent objector leave to appeal, certifying the following question for our review: “Was the order of Surrogate’s Court, as affirmed by this Court, properly made?”
 

 Because we conclude unhesitatingly that the will, read as a whole, indicates that the testatrix intended to make a bequest of the residuary estate under existing circumstances to the two beneficiaries named in article fourth subpart (b) and, thus, that the instrument contains a valid gift thereof by implication, we now affirm.
 

 
 *525
 
 II.
 

 This Court has long recognized that, in construing a will, the intention of the testator must be our “absolute guide”
 
 (Williams v Jones,
 
 166 NY 522, 532;
 
 see also, Haug v Schumacher,
 
 166 NY 506, 513 [“It is always the effort of the court to sustain, if possible, the will of the testator and to give force and effect to the scheme that he has devised for the benefit of those depending upon him”];
 
 Matter of Seiner,
 
 261 App Div 618, 622,
 
 affd without opn
 
 287 NY 664). That intent is to be ascertained “not from a single word or phrase but
 
 from a sympathetic reading of the will as an entirety
 
 and in view of all the facts and circumstances under which the provisions of the will were framed”
 
 (Matter of Fabbri,
 
 2 NY2d 236, 240 [emphasis supplied],
 
 rearg denied
 
 2 NY2d 979;
 
 see also, Matter of Larkin,
 
 9 NY2d 88, 91;
 
 Williams v Jones,
 
 166 NY, at 532-533,
 
 supra).
 
 Thus, where the entire will manifests a general testamentary scheme, it is “the duty of the courts to carry out the testator’s purpose, notwithstanding that ‘general rules of interpretation’ might point to a different result”
 
 (Matter of Thall,
 
 18 NY2d 186, 192).
 

 Equally well established is the axiom of testamentary construction that the testator is presumed to have intended to dispose of the whole estate by will, and did not intend intestacy as to any part of it
 
 (see, Matter of Dammann,
 
 12 NY2d 500, 504-505;
 
 Schult v Moll,
 
 132 NY 122, 125;
 
 see also, Matter of Gibbons,
 
 61 Misc 2d 790). The presumption against intestacy is particularly weighty
 
 where the subject of the gift is the residuary estate (Matter of Hayes,
 
 263 NY 219, 224-225,
 
 rearg denied
 
 264 NY 459;
 
 see also, Matter of Nurse,
 
 35 NY2d 381, 388;
 
 Matter of Birdsell,
 
 271 App Div 90, 95,
 
 affd without opn
 
 296 NY 840). As we made clear in
 
 Hayes:
 

 “ ‘The idea of any one deliberately purposing to die testate as to a portion of his estate, and intestate as to another portion, is so unusual, in the history of testamentary dispositions, as to justify almost any construction to escape from it’ ”
 
 (Matter of Hayes, supra,
 
 263 NY, at 225, quoting 2 Redfield, Wills, at 235 [3d ed]).
 

 (See also, Matter of Fabbri,
 
 2 NY2d, at 243,
 
 supra; Haug v Schumacher,
 
 166 NY, at 514-515,
 
 supra; Matter of Haber,
 
 281 App Div 383, 385-386,
 
 affd without opn 306 NY
 
 706.)
 

 Since our endeavor, therefore, is to discern and effectuate the intention or purpose of the testatrix, where the express
 
 *526
 
 language of the entire will, rather than disjointed parts thereof, reveals such an intention or purpose, the possibility follows that the testatrix may dispose of property by implication as well as through formal disposition. The implication, of course, must be a
 
 necessary
 
 one, not merely one that it is possible or probable (see,
 
 Central Union Trust Co. v Trimble,
 
 255 NY 88, 93;
 
 Matter of Winburn,
 
 265 NY 366, 374-375), and it must be such as to “leave no hesitation in the mind of the court” as to what was the testatrix’ dominant purpose
 
 (Masterson v Townshend,
 
 123 NY 458, 463;
 
 see also, Bradhurst v Field,
 
 135 NY 564, 568;
 
 Post v Hover,
 
 33 NY 593, 599 [the implication must be so “strong * * * that the contrary cannot be supposed”]).
 

 Thus, where the entire will unquestionably reveals a conscientious effort to provide for a complete disposition of decedent’s property, but the testator has inadvertently failed to foresee every eventuality, the presumption against intestacy may be applied and a gift by implication found. This principle still obtains although a contingency has occurred that is not expressly provided for under the will
 
 (see, Matter of Thall,
 
 18 NY2d 186, 192,
 
 supra
 
 [corollary to the broader principles of testamentary construction “is the
 
 doctrine that a court
 
 may ‘give effect to an intention or purpose, indicated
 
 by implication,
 
 where the express language of the entire will manifests such an intention or purpose’ and the
 
 testator has simply neglected to provide for the exact contingency which occurred”\
 
 [emphasis supplied];
 
 Matter of Bellows,
 
 103 AD2d 594,
 
 affd for reasons stated
 
 65 NY2d 906;
 
 Matter of Selner,
 
 261 App Div, at 621-623,
 
 supra; see also,
 
 11 Warren’s Heaton, Surrogates’ Courts § 187.04 [9], at 187-161; § 188.05 [2], at 188-21 [6th ed rev 1998]).
 

 We have no difficulty in concluding that the matter before us is one of those rare and exceptional cases where common sense and justice compel the reasoned application of the doctrine of gift by implication to redress a situation arising from obvious omission
 
 (cf., Matter of Kronen, 67
 
 NY2d 587;
 
 Matter of Englis, 2
 
 NY2d 395). Although article fourth of the will, undisputedly, omitted to provide for the exact contingency which has occurred, the testatrix’ dominant purpose and design to distribute her estate, thoroughly and completely, is apparent from the face of the instrument.
 
 [2]
 

 After directing payment of all her outstanding debts and administrative expenses, the testatrix made four specific
 
 *527
 
 bequests in articles second and third. The first of those, an original portrait of her grandmother, went, notably, to one of her cousins, indicating that the testatrix neither forgot nor ignored her immediate next of kin, but was purposely selective in making one of them the object of her bounty. She next bequeathed her automobile “to my friend mary m. schwenk,” the balance of her personal property “to my friend maura dausey,” and the sum of $5,000 “to my friend carol mcfall.” Thereafter, the testatrix affirmatively revealed a desire not to die intestate as to any of her property by directing, in article fourth, that
 
 “[a]ll the rest, residue and remainder
 
 of my estate” (emphasis supplied), including any lapsed devises or legacies, be held in trust for the life of her mother and, upon her mother’s death, the trust corpus was to be paid over “absolutely in equal shares” to Ms. Schwenk and Ms. McIntosh or their descendants per stirpes.
 

 Thus, as manifested in her will, the testatrix’ dominant purpose is more than sufficiently clear: in the event that her mother survived her, the trust corpus was to remain intact and the executor and trustee directed, “in [her] mother’s best interest,” to apply the income and, occasionally, discretionary sums out of the principal, for her mother’s support and maintenance. The gift of the residue in subpart (b) to Ms. Schwenk and Ms. McIntosh is distinctly
 
 independent
 
 of the testatrix’ desire, under subpart (a), to ensure adequate comfort and assistance for her mother, throughout her mother’s life. Fulfillment of the latter objective (or the failure thereof by virtue of her mother predeceasing her) in no way affected the testatrix’ parallel aspiration of dividing any remaining balance of her estate between her secretary-confidante and her mother’s caregiver in recompense for their years of diligent and devoted service.
 

 Respondent’s suggested alternative construction is untenable. Essentially, he argues that the testatrix intended to reserve to herself an alternate disposition of the residuary estate in the event her mother predeceased her. The limited
 
 *528
 
 bequests made to certain designated beneficiaries belie this construction, as does the fact that in the six years between her mother’s death and her own, the testatrix failed to execute a new will or codicil that would have implemented such an intent if it had existed.
 

 Equally unpersuasive is respondent’s reliance on
 
 Matter of Kronen
 
 (67 NY2d 587,
 
 supra).
 
 In that case, the will contained a provision under which the estate would pass to the surviving son and daughter in the event that the testator and his wife died simultaneously. The will, however, also contained a clause which gave the testator’s son and daughter “each the sum of one dollar” and specifically restricted any further devise to the surviving children by declaring “I
 
 make no other provision for them
 
 for reasons best known to me” (67 NY2d, at 588,
 
 supra
 
 [emphasis supplied]). Reading this restrictive provision “as an
 
 expression of a desire to limit
 
 the children’s participation in the estate”
 
 (id.,
 
 at 589 [emphasis supplied]), we held that the residual property should pass by intestacy where the wife predeceased the testator and the contingency of simultaneous death did not occur. We emphasized in
 
 Kronen
 
 that where the will itself,
 
 devoid of a residuary clause,
 
 contained
 
 evidence of contrary intent
 
 to refute the disposition advanced at the construction proceeding, the doctrine of gift by implication should not be applied
 
 (see, id.; see also, Matter of Koellner,
 
 121 AD2d 838, 839). No similar expression of contrary intent is inferable here.
 

 Manifestly, the testatrix expected that she would die first, with full knowledge that her will would take effect upon her own death, and not before. Having failed to anticipate in the will what actually came to pass, there is a
 
 necessary implication
 
 that the testatrix intended her residuary estate to go, upon her death, to the two beneficiaries named in subpart (b) despite the contingent nature of the trust created in article fourth subpart (a)
 
 (see, Matter of Thall,
 
 18 NY2d, at 192-193,
 
 supra; Matter of Bellows,
 
 103 AD2d, at 604,
 
 supra; Matter of Seiner,
 
 261 App Div, at 622,
 
 supra).
 
 Invoking that doctrine here, we give effect to the testatrix’ dominant testamentary plan and purpose, plainly discernible, though incompletely expressed, within the four corners of the will.
 

 III.
 

 We thus conclude, through application of the doctrine of gift by implication, that the testatrix intended to devise her residuary estate to the remainderpersons named in article
 
 *529
 
 fourth irrespective of whether her mother survived or predeceased her. Furthermore, the gift of the remainder over to the named beneficiaries is not defeated because it appears to be expressly predicated on the phrase “[u]pon the death of [the testatrix’] mother” contained in subpart (b) of the residuary clause. In this regard, the instant matter is controlled by
 
 Matter of Fordham
 
 (235 NY 384), wherein we stated:
 

 “[a]n ulterior limitation ‘upon’ the death of another who is given an estate for life,
 
 will not, in general, be defeated by the lapse of the particular estate through the death of the life tenant before the will can take effect.
 
 This is so though the language of the gift, if literally construed, may make the remainder contingent upon succession in the order named”
 
 (id.,
 
 at 387 [Cardozo, J.] [emphasis supplied]).
 

 Here, as in
 
 Fordham,
 
 we read the phrase “[u]pon the death of my said mother” not as an indispensable condition, but as a limitation on the preceding estate, the failure of which accelerates, rather than destroys, the remainder interest in the residue (
 
 id.,
 
 at 389;
 
 see also, United States Trust Co. v Hogencamp,
 
 191 NY 281, 284-285;
 
 Williams v Jones, supra,
 
 166 NY, at 536-537 [“Where a devise is limited to take effect on a condition annexed to any preceding estate, if the preceding estate should never arise, the remainder over will, nevertheless, take place, the first being considered only as a preceding limitation, and not as a preceding condition, to give effect to the subsequent limitation”];
 
 Norris v Beyea,
 
 13 NY 273, 287).
 

 Accordingly, the order of the Appellate Division should be affirmed, with costs to all parties appearing separately and filing separate briefs payable out of the estate. The certified question should not be answered upon the ground that the Appellate Division order is final and, thus, the certified question is unnecessary.
 

 Chief Judge Kaye and Judges Titone, Bellacosa, Smith, Ciparick and Wesley concur.
 

 Order affirmed, etc.
 

 [1]
 

 . The five remaining intestate distributees executed waiver and consent forms in the construction proceeding, registering no objection to either petitioner’s proposed construction of article fourth, or the distribution of the residuary estate in accordance with subpart (b).
 

 [2]
 

 . Our holding, based on a “sympathetic reading” of the entire will and in view of the surrounding “facts and circumstances”
 
 (Matter of Fabbri,
 
 2 NY2d,
 
 *527
 
 at 240,
 
 supra)
 
 must be distinguished from the use of extrinsic evidence as to testamentary intent which is inadmissible in the absence of an ambiguity in the will (see,
 
 Matter of Ragone,
 
 58 NY2d 864,
 
 revg
 
 87 AD2d 457,
 
 revd for reasons stated by Surrogate’s Court
 
 116 Misc 2d 993; see
 
 also, Matter of Walker,
 
 64 NY2d 354, 358;
 
 Matter of Cord,
 
 58 NY2d 539, 544,
 
 rearg denied
 
 60 NY2d 586). Because we conclude that there is an
 
 omission,
 
 which the court may supply if a basis is found
 
 in the will itself
 
 clearly indicating testamentary intention to make the disposition omitted but necessarily implied therefrom, we do not reach the question of whether the lower courts properly utilized extrinsic evidence in construing the language of the will.