■ In the Matter of the Estate of PAUL C. KOVI, Deceased. EVA PUSTA, Respondent; LAWRENCE KOVI, Appellant. [723 NYS2d 190] —Decree, Surrogate's Court, New York County (Eve Preminger, S.), entered on or about February 25, 2000, which granted petitioner's application for a construction of the decedent's will relieving petitioner from any obligation to pay maintenance charges on the cooperative apartment owned by respondent estate, and ordered respondent executor to reimburse petitioner for maintenance paid by her from June 1999 to January 2000, unanimously affirmed, without costs.

The decedent's will directs that petitioner, who had shared the subject cooperative apartment with the decedent for some 14 years, is to have the right to live in the apartment "without payment of rent." It is clear from the overall testamentary design (see, Matter of Bieley, 91 NY2d 520, 525) that the decedent intended that petitioner be afforded use of the apartment without financial obligation, and thus apparent that when the decedent employed the term "rent," he meant that petitioner was not to be obligated for maintenance, the analogue of rent in the context of a residential cooperative. The court properly utilized the extrinsic evidence submitted by petitioner since that evidence merely clarified the testator's intent and did not contradict the will's express terms (see, Matter of Ellis, 252 AD2d 118, 127-128, lv denied 93 NY2d 805).

We have considered respondent's remaining contentions and find them unavailing. Concur—Williams, J. P., Tom, Mazzarelli, Lerner and Rubin, JJ.