OPINION OF THE COURT
Eugene E. Peckham, S.
This is a proceeding to construe the will of Anastasia Steflik. The ambiguity in the will is created by the -provisions of paragraphs third, fourth, fifth and seventh which read as follows:
*355 “third: I give, devise and bequeath the premises located at 815 Placek Drive, Johnson City, New York, all furniture, household goods, and books owned by me at the time of my death to my nephew, michael steflik, now of 113 Glenwood Avenue, Binghamton, New York; if the property has been sold prior to my death, I give and bequeath thirty percent (30%) of my estate to Michael Steflik.
“fourth: I give and bequeath to my brother, augustine steflik, of Binghamton, New York, fifteen percent (15%) of my estate.
“fifth: I give and bequeath to theresa steflik, of Vestal, New York, twenty percent (20%) of my estate
“seventh: All the rest, residue and remainder of my estate of any kind, nature and description, real personal tangible or intangible, wherever it may be located I give, devise and bequeath as follows:
“My nephew, richard steflik, seven percent (7%)
“My nephew, john steflik, seven percent (7%)
“My nephew, Joseph john steflik, jr. seven percent (7)
“My late nephew’s wife, debra steflik, seven percent (7%)
“My niece, mary louise furlong, seven percent (7%).”
The decedent’s home at 815 Placek Drive was not sold during her lifetime and remains as part of her estate and thus passes to Michael Steflik.
The purpose of will construction is to determine the intent of the testator (Matter of Fabbri, 2 NY2d 236 [1957]; Matter of Gustafson, 74 NY2d 448 [1989]). Such intention is to be determined from a sympathetic reading of the will as a whole. (Matter of Bieley, 91 NY2d 520 [1998]; Matter of Larkin, 9 NY2d 88 [1961].) Most importantly, in this case a testator who has executed a will is presumed to intend to dispose of her entire estate. (Matter of Dammann, 12 NY2d 500 [1963].)
Clearly, Anastasia Steflik intended to dispose of her entire estate since the percentages mentioned in the will add up to 100%. Equally clearly she intended for her nephew, Michael, to receive her house and contents if she still owned them at the time of her death. Only if the house had been sold prior to her death was he to receive a substituted gift of 30% of the estate.
*356 The question thus presented is whether the shares of the remaining beneficiaries totaling 70% of the estate should be increased proportionately to total 100% in order to dispose of the remaining 30% of the estate. This appears to be a question of first impression in New York.
A number of New York cases have held that where there is an error in the computation of percentage dispositions the court can reduce the percentage shares to correct the error and specify the correct percentages. (12 Warren’s Heaton, Surrogates’ Courts § 197.01 [1] [c] [6th ed rev].) Adi the New York cases involve decreasing the percentage shares, not increasing them. In a case similar to this one, the testator bequeathed 10% of his net estate to charity in paragraph second of the will. Paragraph third disposed of the residue by percentages which totaled only 90%. The court held that “[p]aragraphs second and third . . . are to be read together as a disposition of the decedent’s entire estate.” (Matter of Gordon, 28 Misc 2d 894, 894 [Sur Ct, NY County 1961].)
Several other cases have similarly held that errors in the shares of the estate can be reduced so as to equal 100% (Matter of Vismar, 117 Misc 554 [Sur Ct, NY County 1921] [five sisters each left one fourth of residue reduced to one fifth each]; Matter of Tully, 28 Misc 2d 630 [Sur Ct, NY County 1961] [will stated residue was divided into 107 shares, but with only 102 shares mentioned in the will, reduced to 102 shares]; Matter of Michael, Sur Ct, Broome County, Aug. 18, 2003, File No. 97-0242 [nine individuals left one-eighth shares reduced to one ninth each]).
It is of no consequence that the percentages in this case must be increased, whereas in the New York cases cited the shares or percentages were decreased. The principle is the same; the court should reallocate the distributive shares to carry out the manifest intent of the testatrix to dispose of her entire estate. Even though there is no New York precedent on increasing percentages to cause the residuary to equal 100%, there are a number of cases in other states where this has been done. (Fiduciary Trust Co. of N.Y. v Fiduciary Trust Co. of N.Y., 445 A2d 927 [Del Sup Ct 1982]; In re McLaughlin’s Estate, 441 Pa 538, 273 A2d 742 [1971]; In re Akeley’s Estate, 35 Cal 2d 26, 215 P2d 921 [1950].) For example, in Akeley the residuary clause provided that three charities were each to receive 25%; the court held that the shares must be increased to one third for each charity.
*357 In the present case, it is clear that there is a specific bequest to Michael Steflik of 815 Placek Drive, plus furniture, household goods and books. The bequests in paragraphs fourth, fifth and seventh of the will should be read together to dispose of the entire residuary estate. (Matter of Gordon, supra.) It also seems clear from the will that the testatrix intended for Augustine and Theresa Steflik to receive larger shares of the estate than the five nieces and nephews listed in paragraph seventh of the will. Reallocating those percentages, the court holds that the residuary estate should be divided as follows': Augustine Steflik 21.43% Theresa Steflik 28.57% Richard, John, Joseph, Debra Steflik and Mary Louise Furlong 10% each.
Since paragraph second of the will provides that funeral and administration expenses are to be paid from the residue of the estate, they should be paid proportionately from the reallocated shares in paragraphs fourth, fifth and seventh of the will and not from the specific bequest to Michael Steflik. Since the house is a specific bequest of real property, it is not subject to executor’s commissions. (7 Warren’s Heaton, Surrogates’ Courts § 103.02 [6] [j], [m] [6th ed rev].)