OPINION OF THE COURT
Kristin Booth Glen, S.
Hope A. Geller, as trustee of the trust for the benefit of Gladys C. Lima under the will of Henry Claman, has petitioned for a construction of article third to determine the identity of the trust’s remainder beneficiaries. This proceeding and the facts presented provide an apparently novel opportunity to limit the draconian provisions of the now repealed “precautionary addendum,” which acts to deprive certain adoptees of inheritance rights.
The testator died on July 15, 1924, leaving a will dated April 22, 1924 which divided his residuary estate into five parts. One part was left outright to his wife, Millie, and the remaining four parts were left in separate trusts for the benefit of each of his four children, respectively. After making certain provisions for distribution of trust income, article third continues:
“Upon the attainment by each child of his or her forty-fifth year, I direct that my executors pay absolutely and forever to said child, one-half (V2) of the principal held in trust for such child, and there *854 after pay to such child the entire income of the remaining one-half (V2) of such part so long as such child shall live, and upon the death of such child, pay to his or her issue absolutely and forever, per stirpes, however, and not per capita, said remaining one-half (V2) of the principal of said part.
“If my wife predecease me, or die prior to the vesting of the first one-half (V2) of the principal of any of said parts, then I direct that the entire income of such part shall be paid to the child who is the immediate beneficiary of the trust fund herewith established. If any of my children predecease me, or if surviving me, die prior to his or her forty-fifth year, then I direct that the entire income of the part which is held in trust for the child so dying, or would have been so held if such child survived me, shall be paid to my wife millie claman so long as she shall live, and upon her death, the entire principal of the trust fund established for the benefit of such child so dying, shall be paid to and vest absolutely in the issue of such child so dying, such issue to take absolutely and forever, per stirpes and not per capita; but if my said wife be then dead, then I direct that the entire principal of such part, held in trust for the child so dying, shall vest absolutely and forever in the issue of such child, such issue to take per stirpes and not per capita, or if there be no such issue, then to the surviving brothers and sisters, and the issue of any deceased brother or sister, share and share alike, per stirpes, however, and not per capita.”
Decedent’s daughter Gladys was the beneficiary of such a trust until her death on April 9, 2005, at age 96. She was the last of decedent’s children to die, some 81 years after the decedent and 63 years after Millie. Gladys had two adopted children, one of whom survived her and one of whom predeceased her leaving children who survived her. She had no other children. The first question the court must address is whether Gladys’s surviving adopted child and the children of her predeceased adopted child are “issue” within the meaning of the will.
The Precautionary Addendum
Decades before decedent’s death, New York enacted a statute prescribing equality between natural children and adoptees in the eyes of the law (L 1887, ch 703). However, under section *855 114 of the Domestic Relations Law as in effect at the time of decedent’s death, there were circumstances where an adopted child was not treated equally for purposes of inheritance. Known as the “precautionary addendum,” the provision reads: “[A]s respects the passing and limitation over of real or personal property dependent under the provisions of any instrument on the foster parent dying without heirs, the person adopted is not deemed the child of the foster parent so as to defeat the rights of remaindermen.’”* (L 1915, ch 352, § 3, amending Domestic Relations Law former § 114.) Over time, a series of decisions by our Court of Appeals placed an interpretive gloss on the statute which, by degrees, tended to narrow the effect of the addendum (see e.g. Matter of Park, 15 NY2d 413 [1965]; Matter of Silberman, 23 NY2d 98 [1968]; Matter of Gardiner, 69 NY2d 66 [1986]), and indeed the precautionary addendum itself was ultimately deleted (L 1963, ch 406, § 1, amending Domestic Relations Law § 117, as renum by L 1961, ch 147, § 1). Nevertheless, where (1) recognition of adoptive children as “issue” would cut off the rights of others in the remainder, and (2) the creator did not evince an intention (whether in the instrument or extrinsically) to benefit adoptees, the addendum remains in full force and effect for wills of decedents dying before March 1, 1964.
In this case, the will reveals no indication of decedent’s intent either way regarding inheritance by adopted children, and no extrinsic evidence has been offered. Gladys’s adopted child and the children of her predeceased adopted child will therefore be deemed “issue” within the meaning of the will if, but only if, their inheritance would not defeat the rights of other remainder beneficiaries so as to trigger the precautionary addendum and its restrictions on adoptees’ rights. Determination of the application of the precautionary addendum depends, in turn, on a construction of article third, the residuary clause.
Will Construction
Although the testator made alternative provision for the trust remainder where a child died before age 45 without issue, leaving it in such event to his own issue, his instructions for the remainder of a trust for a child dying after 45 were simply “to his or her issue absolutely and forever, per stirpes . . . .” In the case of a child age 45 or older dying without issue, the will makes no provision for the remainder.
*856 In the absence of an express provision governing a contingency that comes to pass, the court must discern the intent underlying the omission (Matter of Bieley, 91 NY2d 520, 525 [1998]; Matter of Fabbri, 2 NY2d 236 [1957], rearg denied 2 NY2d 979 [1957]). As with any aspect of will construction, intent “must be gleaned not from a single word or phrase but from a sympathetic reading of the will as an entirety and in view of all the facts and circumstances under which the provisions of the will were framed” (Matter of Fabbri at 240). A disposition may be implied if the testator, by apparent error or oversight, failed to provide expressly for a particular gift, circumstance or contingency (Matter of Koellner, 121 AD2d 838 [3d Dept 1986]; Matter of Bieley, supra, 91 NY2d 520, 526 [1998]). However, gifts by implication are to be found only sparingly and never where “there is no ambiguity in the terms of the will but rather a complete lack of any indication of intent whatsoever” (Matter of McClelland, 59 NYS2d 123, 125 [Sur Ct, NY County 1945]). A gift by implication will be found only if the inference is necessary and not merely possible or probable (Matter of Bieley, supra, 91 NY2d 520, 526 [1998]).
The testator here made different dispositions of the trust remainder during Millie’s lifetime depending upon whether a child’s death occurred before or after the child reached age 45. Given these alternative provisions, the court cannot conclude that the testator necessarily — as opposed to merely probably, or possibly — intended to make the same disposition in all events for a child dying without issue after age 45 as for a child dying without issue before age 45. Mindful of such considerations, and in light of the principles of construction discussed above, the absence of a provision covering the contingency that here came to pass does not present a case for a gift by implication.
In the absence of a gift by implication, failure of a testator to dispose of a remainder interest results in an intestacy as to such property (see e.g. Matter of Kronen, 67 NY2d 587 [1986]; Matter of Rutherford, 125 AD2d 312 [2d Dept 1986]; Matter of McClelland, supra, 59 NYS2d 123 [1945]). The trust remainder here will therefore pass in intestacy if Gladys is deemed to have died without issue.
Precautionary Addendum Revisited
As already noted, the courts have increasingly narrowed the application of the precautionary addendum. Observing that the purpose of the precautionary addendum was “to prevent the de *857 vice of an adoption from being used to cut off a remainder which would have followed had there been no child” (Matter of Park, 15 NY2d 413, 416 [1965]), the Court of Appeals has described the relevant case law as (“usually”) interpreting the statute as “treating] the rights of an adopted child for all purposes as those of a natural child unless the act of adoption itself and alone cut off a remainder” (id. at 418 [emphasis added]).
In this case it is not the adoption alone that would cut off the testator’s other descendants’ rights. Those descendants would have no rights susceptible to defeat were it not for the testator’s failure to make any provision for the remainder. It is the resulting intestacy, and not rights created by the will, that would defeat their rights, a circumstance the precautionary addendum does not address. By its very terms, the addendum applies to rights “dependent under the provisions of any instrument on the foster parent dying without heirs.” (L 1915, ch 352, § 3 [emphasis added].) The instrument here contains no provision regarding the foster (adoptive) parent’s dying without heirs. It is precisely the failure of the instrument to make such provision that gave rise to this construction proceeding. Therefore, the precautionary addendum does not apply, and does not prevent Gladys’s child and grandchildren from taking as her “issue” within the meaning of the instrument. Pursuant to the express provision of article third, her adopted child and the children of her predeceased adopted child are entitled to the remainder of her trust.
As a final issue, petitioner notes that one of Gladys’s sisters, Hilda, had a child, Henry, who adopted a son, William. Both Hilda and Henry predeceased Gladys. Petitioner has asked the court to rule on whether the precautionary addendum would bar this adopted child from taking as a remainder beneficiary. It may be observed that a ruling in favor of William, as a member of a class of beneficiaries including natural-born issue, would not “defeat the rights of remaindermen” within the meaning of the addendum (see Matter of Park, 15 NY2d 413, 420 [1965]). However, the issue is in any event mooted by resolution of the prior question raised here, under which the remainder passes to Gladys’s surviving adopted child and the children of her predeceased adopted child, rather than to Hilda’s issue.
This decision corrects the prior decision herein, insofar as such decision incorrectly described Gladys as having been *858 survived by her two adopted children, and constitutes the order of the court superseding the February 24, 2011 order herein.

 The term “foster parent” was defined as “the person adopting” (L 1915, ch 352, § 1, amending Domestic Relations Law former § 110).